### E. H. GODSHALK CO. v. STERLING et al.

(Circuit Court of Appeals, Third Circuit. May 10, 1904.)

No. 16.

1. BANKRUPTCY—DISCHARGE—OBJECTIONS—SPECIFICATIONS—SPECIFICNESS.

A specification of objection to bankrupts' discharge, alleging that the bankrupts, with intent to conceal their financial condition, failed to keep books of account or records from which such condition could be ascertained, was sufficiently specific within Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Cong. Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], providing that the failure to keep books, with such intent, shall deprive the bankrupt of the right to a discharge, though the specification did not disclose what books of account it was claimed the bankrupt should have kept.

2. SAME—DESTRUCTION OF VOUCHERS.

A specification of objection to bankrupts' discharge, alleging that the bankrupts, with intent to conceal their financial condition, did destroy, through the agency of their regularly authorized bookkeeper, canceled checks drawn by the bankrupts, together with stubs of such checks, from which such condition might be ascertained, was not objectionable for failure to more definitely describe the checks and stubs alleged to have been destroyed.

3. SAME—APPEAL—OBJECTIONS.

An objection to specifications of objections to a bankrupt's discharge, on the ground that the jurat was insufficient, cannot be made for the first time on a petition for review.

4. SAME—FALSE STATEMENTS.

A specification of objection to bankrupts' discharge, on the ground that they had made a materially false statement on which they had obtained credit, which failed to state the substance of such alleged false statement, was insufficient.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Pennsylvania.

E. B. Seymour, Jr., for petitioner.
Henry N. Wessel, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. E. H. Godshalk Company, a creditor of Sterling & Snyder, bankrupts, filed in the court below four specifications of objections to the discharge of the bankrupts. The bankrupts moved to dismiss these specifications, and the court allowed the motion. The reasons assigned by the bankrupts in support of their motion were because the specifications, "and each of them, are insufficient, indefinite, and uncertain, and for the additional reason that they fail to specify facts which constitute legal ground for the refusal of the court to grant the discharge of the bankrupts, and for the further reason that they do not specify any legal objection to the bankrupts' discharge." The learned judge below, in sustaining the motion to dismiss, filed no opinion. Therefore we have not the benefit of any statement by him as to his reasons for his order of dismissal. The specifications in question come under section 14b of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411]. This amendatory section, we incline to think, is more favorable to objecting creditors than was the original section as construed by the courts. But however this may be, we have reached the conclusion that at least two of the specifications in this case, namely, 1 and 4, were sufficiently specific, and that the court should have heard and investigated them. These two specifications of objection to the discharge of the bankrupts are as follows:

"(1) That such application should not be granted, because of the following facts, which the undersigned charges to be true, viz.: That the said bankrupts, Isaac Sterling and Harry Snyder, did, with intent to conceal their financial condition, fail to keep books of account or records from which such condition might be ascertained."

"(4) That such application should not be granted, because of the following facts, constituting an additional ground, which the undersigned charges to be true, viz.: That the said bankrupts, Isaac Sterling and Harry Snyder, did, with intent to conceal their financial condition, destroy, through the agency of one Albert Sterling, son of Isaac Sterling aforesaid, their regularly author-

¶ 3. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

¶ 4. See Bankruptcy, vol. 6, Cent. Dig. § 714.

ized bookkeeper, canceled checks drawn by the said firm prior to the first day of January, A. D. 1903, and also stubs of said checks from which such condition might be ascertained."

These specifications, respectively, not only conform to the language of section 14b of the bankrupt act, as amended by the act of 1903, but we think that they sufficiently specify the necessary facts.

We cannot assent to the suggestion that it was the duty of the objecting creditor to specify what books of account the bankrupts should have kept. We think the specification went far enough when it affirmed that the bankrupts, with intent to conceal their financial condition, failed to keep books of account or records from which such condition might be ascertained.

The fourth specification distinctly avers that the bankrupts, with intent to conceal their financial condition, destroyed, through the agency of one Albert Sterling, son of one of the bankrupts, and the bookkeeper of the firm, canceled checks drawn by the firm prior to the 1st day of January, 1903, and also the stubs to said checks, from which such condition might be ascertained. We think that this specification was sufficient in its statement of facts. It was not for the objecting creditor to set forth the dates when those checks were drawn, or other particulars. The destruction of the checks and their stubs, with intent to conceal the firm's financial condition, was the important fact.

No objection seems to have been taken in the court below to the jurat, and it is too late to make such objection upon the hearing in this court upon this petition for review, even if the objection had any substantial basis. We do not see, however, that the jurat is open to objection.

Our conclusion is that the assignments of error relating to the action of the court below with respect to the specifications of objections numbered 2 and 3 should be overruled. The specification numbered 2 does not set forth what the "materially false statement" was upon which the bankrupts obtained credit. No good reason appears why at least the substance of this alleged false statement was not contained in the specification. The like observations are applicable to the third specification of objection. It does not set forth, as we think it should have done, what property the bankrupts transferred. The averment, "some of their property," is inexcusably vague.

The decree of the District Court, in so far as it overruled and dismissed the specifications of objection to the bankrupts' discharge, filed by E. H. Godshalk Company and numbered 1 and 4, is reversed, and the case is remanded to that court for further proceedings in accordance with this opinion.