---

### In re BROD.

(District Court, N. D. Georgia. February 2, 1909.)

No. 2,137.

1. BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS.

An objection to a bankrupt's discharge, that the bankrupt with intent to conceal his financial condition either destroyed or failed to keep books of account or records from which his financial condition might be ascertained, was not defective for uncertainty.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 409*)—DISCHARGE—SHRINKAGE—ASSETS—EXPLANATION.

Where there was a shrinkage of $10,000 in a bankrupt's assets within a period of 13 months, and the bankrupt, though a shrewd business man of intelligence, failed to show from his books what became of his property, an objection to his discharge, because he had concealed, destroyed, or failed to keep books of account or records from which his financial condition might be ascertained, was properly sustained.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 739, 752–757; Dec. Dig. § 409.*]

In Bankruptcy. On objections to discharge.

W. G. Post, for objecting creditors.

T. F. Rawls, for bankrupt.

NEWMAN, District Judge. There are only two questions for determination in connection with this application for discharge by the bankrupt. The objection to a discharge uses the language of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) as follows:

"With intent to conceal his financial condition, the said bankrupt either destroyed, concealed or failed to keep books of account or record from which his financial condition might be ascertained."

It was objected to this that the bankrupt was not put on notice as to what he was charged with, whether it was destroying books of account, concealing the same, or failing to keep such books. I am inclined to think the referee ruled correctly on this question—that this

was sufficient. If the trustee in bankruptcy is unable to find proper books of account in a bankrupt's place of business, he cannot tell whether they have been destroyed or concealed, or whether the bankrupt has never had such books of account, and has therefore failed to keep them. So that, as the burden is on the objecting creditors to make out a case, if the bankrupt has ample opportunity to meet the evidence submitted, no harm is done the bankrupt by using this language in the objection, and he would have no just cause for complaint.

The referee finds as follows:

"I find that the objections should be sustained on this ground. The vast shrinkage of assets should be accounted for, and the books should show where the money went, but fail to do so. The bankrupt is a man of intelligence, and a shrewd business man, able to keep books that would show what was done in his business. His failure to show on them what became of his property cannot have resulted other than from design. He will be held to intend the reasonable results of his negligence or intentional omission."

The next matter argued is whether this finding of the referee is supported by the facts. I think it is! It appears from the evidence that in January, 1907, the bankrupt claimed to have total resources of $14,012, and owed $3,629, leaving a net worth of over $10,000. On the 25th day of February, 1908, when his petition in bankruptcy was filed, the referee, taking the most favorable view of the matter, finds that the nominal value of his assets and liabilities was about the same, showing a loss in 13 months of $10,000, and the referee then stated:

"I find that this discrepancy is not satisfactorily accounted for, and that his books show no light on it whatever."

I think the referee was correct, both on the law of the case and on the facts, and that his recommendation that a discharge be denied should be approved.

A discharge is denied.