## In re HANNA.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

### No. 194.

1. BANKRUPTCY (§ 415*)—PROCEEDINGS IN OPPOSITION TO DISCHARGE—AMENDMENT OF SPECIFICATIONS.

A special master, to whom was referred a bankrupt's application for discharge, had power to permit the amendment of specifications of objection filed on behalf of a number of creditors, but signed and verified only by an agent of one, by allowing the same to be signed and verified by one of the other creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

2. BANKRUPTCY (§ 409*) — GROUNDS FOR REFUSAL TO DISCHARGE — FAILURE TO KEEP BOOKS OF ACCOUNT.

Under Bankr. Act July 1, 1898, c. 541, § 14b (2), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1026), the failure of a bankrupt to keep correct books of account, "with intent to conceal his financial condition," debars him from the right to a discharge, whether his intent was fraudulent or not.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 409.*]

Appeal from the District Court of the United States for the Southern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kellogg, Beckwith & Emery, for appellant.

James, Schell & Elkus (Robert P. Levis, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. This is an appeal from a judgment of the District Court reversing an order of a referee, acting as special master. July 23, 1907, John W. Hanna was adjudged a bankrupt on his own petition. November 19th he filed a petition for a discharge. December 16, 1907, on the return of the order to show cause, J. M. Prendergast & Co., Hamilton Manufacturing Company, and Lawrence & Co., creditors objecting to the discharge, appeared by attorney. December 26, 1907, specifications of objections were filed by the same attorneys on behalf of Prendergast & Co., Hamilton Manufacturing Company, and Cocheco Manufacturing Company, signed only by Cocheco Manufacturing Company, by Lawrence & Co., Agents, and verified by a member of the firm of Lawrence & Co.

The matter was referred by the District Judge to one of the referees as special master, with power to pass on all exceptions to the specifications. January 9, 1908, it came on for hearing before the special master, when it transpired that Lawrence & Co. were not creditors, but only agents for the Cocheco Manufacturing Company, creditors. The special master permitted the specifications to be amended by adding the verification of the Hamilton Manufacturing Company. January 17, 1908, amended specifications, duly signed and verified by the Hamilton Manufacturing Company, were filed. The District Judge overruled the bankrupt's objections to the action of the special master, held that he had power to permit the amendment, and that he was guilty of no abuse of discretion in doing so. The special master, or certainly the District Judge, had the power to allow the amendment. The result is that the Hamilton Manufacturing Company appeared seasonably as an objecting creditor and duly signed and verified specifications of objection. The irregularities have caused no injury to the bankrupt, and we discover no reason for revising what has been done in the court below.

The only specification of objection relied on was that the bankrupt had failed to make entries in his books of account of loans and payments of money, with the specific intention of concealing his transactions. As to it the special master held that the bankrupt was entitled to his discharge because, although he had failed to enter in his books of account a loan considerable in proportion to the amount of his assets, he did so, not for the purpose of defrauding his creditors, but for the purpose of concealing his real financial condition from his manager. The District Judge found that the referee had, by agreement of the parties, power to allow the amendment, and, discovering no abuse of discretion, sustained his action. On the merits, however, he differed from the referee, and denied the bankrupt his discharge.

We think the District Judge was right. Section 14, subd. b (2), of the act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), originally provided that no discharge should be granted if the applicant—

"with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed or failed to keep books of account or records from which his true condition might be ascertained."

In 1903 (Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1026]) it was amended to read:

"With intent to conceal his financial condition, destroy, conceal or fail to keep books of account or records from which such condition might be ascertained."

The contention now made by the bankrupt would have great force under the act as it originally read, but has none under the act as amended. Obviously the present reading is much more exacting, and is intended to prevent a bankrupt from obtaining a discharge, if he, whether in contemplation of bankruptcy or not, for any reason, fraudulent or otherwise, has kept his books with intent to conceal his financial condition. A provision intended to insure the keeping of correct and complete accounts should be rigidly enforced, especially one whose operation is made to depend upon intention, excluding mistake or neglect. The fact is indisputable that Hanna omitted to enter the loan in question for the specific purpose of concealing his financial condition. He very frankly admits it. It makes no difference that he did so for the purpose of preventing his confidential manager from knowing his financial condition, and not for the purpose of defrauding his creditors. It remains true that he intentionally kept his books so as to conceal his financial condition, and he is therefore, by the express terms of the act, not entitled to a discharge.

The judgment is affirmed.