In re MAGEN BROS. CO.

MAGEN et al. v. McKEE REFRIGERATOR CO. et al.

(Circuit Court of Appeals, Third Circuit. January 12, 1912.)

No. 1,528.

1. BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS—SPECIFICATIONS—SUFFICIENCY.

Under Bankr. Act July 1, 1898, c. 541, § 14b (2) 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), which makes it ground for refusing to discharge a bankrupt that he has, with intent to conceal his financial condition, destroyed, concealed, or failed to keep books, a specification of objection to a discharge substantially following the language of the section is sufficient.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 413*) — DISCHARGE — OBJECTIONS—SPECIFICATIONS—SUFFICIENCY.

A specification of objection to a discharge in bankruptcy was sufficient where it alleged that bankrupts had, within four months preceding the filing of the petition against them, transferred, destroyed, or concealed or permitted such disposition of property with intent to delay or defraud their creditors, such allegations being followed by specific allegations as to time, place, nature of the property, etc., and a

statement that none of the transactions were entered upon the books of the bankrupts.

[Ed. Note:—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

3. BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS—APPEARANCE.

On objections by creditors to a bankrupt's discharge, he cannot complain that they did not enter an appearance as required by general order where the specifications of objections were filed before the return day; that being equivalent to an appearance.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

Petition for Revision of an Order of the District Court of the United States for the Eastern District of Pennsylvania.

In the matter of Morris Magen and another individually and as the Magen Bros. Company, bankrupts. On petition by the bankrupts to review an order refusing to dismiss specifications of objections by the McKee Refrigerator Company and others for the bankrupts' discharge. Affirmed.

See, also, 179 Fed. 572.

Bernard Harris, for petitioners.

John Dickie, Jr., Samuel W. Cooper, and Julius C. Levi, for respondents.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. [1] This is a petition preferred by Morris Magen and Jacob Magen, bankrupts, to review an order of the District Court refusing to dismiss specifications Nos. 2 and 4 of objections to the discharge of said bankrupts. The second specification is:

"The bankrupts have with intent to conceal their true financial condition, and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained."

And the question involved, as stated in petitioners' brief, is:

"Is the second specification to the bankrupts' discharge, under the law, sufficiently pleaded to warrant the court in referring the same to a referee for the purpose of ascertaining such facts as may be necessary to substantiate or disprove it?"

The statutory ground in that particular for refusal to discharge is section 14b2, viz.: · Where the bankrupt has "with intent to conceal his financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained," and the exceptants in such statutory words object to the bankrupts' discharge. Why is this allegation not sufficient? So far as pertinent to the present question, it is to be noted that the bankruptcy law has two objects in view: One, the administration and distribution on equitable principles of the bankrupt's property; the other, the discharge from indebtedness of an unfortunate debtor who has honestly surrendered his assets for administration. Now, one of the usual things in a man's business dealings is the keeping of such books of account as are generally incident to such business. From these he,

while carrying on his business, can know his true financial condition, and on bankruptcy such books become most important since by them his creditors can judge of his true financial condition, and determine whether his bankruptcy is an honest failure caused by business reverses, or an attempt to escape liability without a surrender of his property. On the other hand, the failure to keep such books or their concealment or destruction make it more easy for a dishonest debtor to misappropriate his effects. Whether a bankrupt has kept such accounts, and, if so, whether he retains, conceals, or destroys them, is a matter peculiarly within his own knowledge and which, in the nature of things, a creditor ordinarily does not know. All he does know is that the bankrupt has not surrendered such books to the trustee. Now the purpose of a specification is to fairly apprise the bankrupt of such matters in bar of his discharge as will be insisted upon, in order that he may be able to meet them. Such matters are not to be specified with the exactness and formality required in indictments, but only in such substantial form as will fairly inform one of the charges made against him. But where, as in the case of books of account, the bankrupt in the very nature of things, and he alone already knows what books he did or did not keep, and the creditor does not know, except as he infers their nonexistence, concealment, or destruction from the fact of their nondelivery to the trustee, it would seem that a specification following the language of the statute and covering nonkeeping, concealment, or destruction sufficiently and fairly apprises the bankrupt of the matter insisted upon in that respect. As said by this court in Godshalk v. Sterling, 64 C. C. A. 148, 129 Fed. 580:

"We cannot assent to the suggestion that it was the duty of the objecting creditor to specify what books of account the bankrupt should have kept. We think the specification went far enough when it affirmed that the bankrupts. with intent to conceal their financial condition, failed to keep books or records from which such condition might be ascertained."

Assuredly three separate specifications charging the bankrupts respectively with destroying, with concealing, and with failing to keep books, etc., would each have been good. Each being singly self-sufficient, certainly there is no reason why the three, united in a single specification, become bad. We are therefore of opinion the court below committed no error in refusing to dismiss the second specification. Such conclusion has support in Collier on Bankruptcy (8th Ed.) p. 265. where (basing its conclusion on In re Ginsburg [D. C.] 130 Fed. 627, 12 Am. Bankr. Rep. 459; In re Patterson [D. C.] 121 Fed. 921, 10 Am. Bankr. Rep. 371; In re Brod [D. C.] 166 Fed. 1011, 21 Am. Bankr. Rep. 426) it is said:

"The exact language of the statute should not be used, unless, as in the case of the failure to keep books of account, the language of the statute is sufficient to serve the purpose of giving notice to the offender of the particular conduct which is charged against him as an offense."

In the last case cited it is well said:

"It was objected to this that the bankrupt was not put upon notice as to what he was charged with, whether it was destroying books of account, concealing the same, or failing to keep such books. I am inclined to think the referee ruled correctly on this question—that this was sufficient. If the

trustee in bankruptcy is unable to find proper books of account in a bankrupt's place of business, he cannot tell whether they have been destroyed or concealed, or whether the bankrupt has never had such books of account, and has therefore failed to keep them. So that, as the burden is on the objecting creditor to make out a case, if the bankrupt has ample opportunity to meet the evidence submitted, no harm is done the bankrupt by using this language in the objection, and he would have no just cause for complaint."

[2] So, also, there was no error on its part in the court below sustaining the fourth specification. That specification was:

"Because the said bankrupts have, within a time subsequent to the first day of the four months immediately preceding the filing of the petition against them, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, their property with intent to hinder, delay, or defraud their creditors, in this: that the said bankrupts did on or about the 10th day of September, 1909, and at divers other times subsequent thereto, and extending to the date of the filing of the petition in this cause, to wit, January 15, 1910, remove, transfer, and conceal, or permitted to be removed, transferred, and concealed, large quantities of merchandise from their place of business, 624–26 S. Second street, in the city of Philadelphia, and from the freight stations of the Pennsylvania Railroad Company and Philadelphia & Reading Railway Company in the city of Philadelphia, amounting to not less than $75,000 and upwards, and disposed of said merchandise for cash to various parties in the city and county of Philadelphia and other places at present unknown to your petitioners, with intent to hinder, delay, and defraud their said creditors. That none of the cash transactions or sales were entered upon the books of the bankrupts, and that the proceeds arising therefrom, as herein stated, have been retained by the said bankrupts and fraudulently concealed and secreted from Horace E. Campbell, their trustee in bankruptcy."

Of this that court well said:

"It sets forth in sufficient detail a connected scheme to defraud. If the averments of this specification be true, they furnish the reason why a more elaborate statement is impossible. Creditors are not required to aver facts minutely that from the nature of the transaction are unlikely to come to their knowledge; otherwise concealment of a fraudulent transaction would always prevent inquiry."

To this we assent. The objection specifically avers time, place, nature of the property in question, and other facts, and the further allegation that the bankrupts converted such property into cash, concealed the cash, and failed to carry the transactions into their books give the bankrupts still further information of acts attending the statutory removal, transfer, and concealment of property, which by the earlier part of the specification they are apprised they must defend against. Of such superadded information the bankrupts have no ground for complaint.

[3] The third question raised, viz., that the objecting creditors did not enter an appearance as required by general order 32,[1] is without merit. The specifications were filed before the return day, and this was the equivalent of the appearance which the rule sought to secure. In such case, the purpose of the rule having been already met by the filing of the objections, the mere formal entry of an appearance would be purposeless.

Finding, therefore, no error on the part of the court below, the order complained of is affirmed.

[1] 89 Fed. xiii, 32 C. C. A. xxxi.