## In re WESTON.

(Circuit Court of Appeals, Second Circuit.   June 27, 1913.)

### No. 171.

**1. BANKRUPTCY (§ 413*)—DISCHARGE—SPECIFICATION OF OBJECTION—AMENDMENT.**

A specification of objection against a bankrupt's discharge alleged that the application should not be granted because the bankrupt, while conducting a brokerage business in Buffalo, N. Y., during the years 1906, 1907, and 1908, failed and neglected to keep any books, with full and complete knowledge of the importance and necessity of books and records in the brokerage business, and with intent to defraud and deceive the undersigned objecting creditors and others. *Held*, that such specification, while inapt, was sufficient to sustain an amendment to conform it to the statute, reciting that the bankrupt, with intent to conceal his financial condition, failed to keep books of account or records from which such condition might be ascertained.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. § 413.*]

**2. BANKRUPTCY (§ 409*)—DISCHARGE—OBJECTIONS—FAILURE TO KEEP BOOKS.**

A bankrupt operated a brokerage business, telegraphing orders to a firm in Cincinnati, and receiving a commission of one-fourth of 1 per cent. The orders were given verbally, and a memorandum was made thereof on a piece of paper, which was put on a spindle and afterwards transferred to a sheet of the day's transactions. Such sheets were kept until all trades were closed out, and then consigned to the waste basket about once a month. He had a bank account and a bank book, but kept most of his money in a safe, disbursing it as cash. His customers deposited a small margin, and actual deliveries were not contemplated. He kept no other books. *Held*, that such facts indicated an intent on the bankrupt's part to conceal his financial condition by failing to keep books, and that he was therefore not entitled to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 739, 752–757; Dec. Dig. § 409.*]

Appeal from the District Court of the United States for the Western District of New York.

In the matter of bankruptcy proceedings of William Weston. From an order denying the bankrupt's petition for discharge, he appeals. Affirmed.

A. W. Crosby, of Buffalo, N. Y., for appellant.

Grant & De Ceu, of Buffalo, N. Y. (J. J. Herman, of Buffalo, N. Y., of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.  This is an appeal from an order of Judge Hazel in the District Court denying the bankrupt's petition for discharge.  The specification of objection filed was:

"First. That such application should not be granted because of the following facts, which the undersigned charges to be true, namely: The said

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William Weston, while conducting a brokerage business in the city of Buffalo, N. Y., during the years 1906, 1907, and 1908, failed and neglected to keep any books, with full and complete knowledge of the importance and necessity of books and records in the brokerage business, and with intent to defraud and deceive the undersigned and others."

The petition was referred to the referee as special master, and the bankrupt at the first hearing moved to dismiss the specifications of objection on the ground that:

"They are insufficient, indefinite, and uncertain, and that the specifications do not specify facts which constitute legal ground for the court to deny a discharge to the bankrupt, and for the further reasons that they do not specify any legal objections to the bankrupt's discharge."

The special master permitted the specification to be amended so as to conform to the statute, viz., that the bankrupt "with intent to conceal his financial condition, failed to keep books of account or records from which such condition might be ascertained."

The bankrupt was a commission broker and had been in business since 1899. He had the usual blackboard telegraph operator and marker, but no other clerks. His customers gave verbal orders, which he transmitted by telegraph to a firm in Cincinnati to be executed, making a memorandum on a piece of paper which he put on a spindle and afterwards made up from the memorandums a list of the day's transactions on a sheet of paper. These sheets he kept "until all trades were closed out," and they were thrown into the waste paper basket about once a month. He had a bank account and bank book, but kept most of his money in his safe, disbursing it as cash. His customers deposited a small margin on their orders, and actual deliveries were not contemplated. His profits were in the shape of a commission of one-fourth of 1 per cent., paid him by the firm to which he transmitted his customers' orders. Transactions with this firm were settled every day; the daily sheet showing whether he owed it or it owed him, and how much.

The referee found that the bankrupt had failed to keep any books of accounts or records with intent to conceal his financial condition, which was the sole ground of objection before him, and recommended that his discharge be denied. The District Judge took the same view.

[1] We think the specification of objection filed, though very inapt, fairly indicated the statutory ground upon which it rested, and that the special master had power to allow the amendment making it conform to the words of the statute. In re Hanna, 168 Fed. 238, 93 C. C. A. 452.

[2] While the daily sheets, if kept, would have shown the state of accounts between the bankrupt and the brokers who executed his customers' orders, they would not have shown what commissions he actually collected, or what he did with them. No creditor could have told how much he owed, or how much he was owed. While the act does not expressly require books or records to be kept, it denies a discharge if the failure to keep them was with the intent to conceal the bankrupt's

financial condition. We agree with the special master and the District Judge that such intent is to be plainly inferred from the way in which the bankrupt transacted his business.

The order is affirmed.