In re WHITE.

(District Court, D. Oregon.   May 3, 1915.)

No. 3056.

1. BANKRUPTCY &⇒413—OPPOSITION TO DISCHARGE—SPECIFICATIONS—FALSE OATH.

A specification, in opposition to the discharge of a bankrupt, that he knowingly made a false oath, for the purpose of deceiving the trustee and concealing his assets, sufficiently states the materiality of the oath.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. &⇒413.]

2. BANKRUPTCY &⇒413—OPPOSITION TO DISCHARGE—SPECIFICATIONS—REQUISITES.

Specifications, in opposition to a discharge in bankruptcy, especially where attempting to charge some criminal act, should be pleaded with greater particularity than ordinary civil actions, though the strict rules as to indictments do not apply.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. &⇒413.]

3. BANKRUPTCY &⇒408 — DISCHARGE — GROUNDS OF OPPOSITION — CONCEALMENT OF PROPERTY.

Where a bankrupt had executed a deed which was in fact a mortgage more than four months before the petition in bankruptcy was filed, his concealment during the four months preceding the filing of the petition of· the fact that the deed was a mortgage is a concealment of property, which may be specified in opposition to his discharge, under Bankr. Act July 1, 1898, c. 541, § 14b (4), 30 Stat. 550 (Comp. St. 1913, § 9598).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; 'Dec. Dig. &⇒408.]

4. BANKRUPTCY &⇒413—OPPOSITION TO DISCHARGE—REQUISITES OF SPECIFICATIONS—INFORMATION AND BELIEF.

A specification, in opposition to a discharge of bankruptcy, which states the facts only on information and belief, is insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. &⇒413.]

5. BANKRUPTCY &⇒413—OPPOSITION TO DISCHARGE—REQUISITES OF SPECIFICATIONS—CONCEALMENT OF PROPERTY—DESCRIPTION.

A specification, in opposition to a bankrupt's discharge, which alleges that the bankrupt fraudulently concealed a large amount of groceries and merchandise, does not sufficiently describe the property concealed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. &⇒413.]

In Bankruptcy.   Proceedings against William Gideon White.   On exceptions by the bankrupt to the sufficiency of the specifications filed by the trustee and a creditor in opposition to the application for discharge.   Exceptions overruled in part, and sustained in part.

Swafford & McGinnis, of Eugene, Or., for bankrupt.

L. M. Travis, of Eugene, Or., and Angell & Fisher, of Portland, Or., for trustee and objecting creditor.

WOLVERTON, District Judge.   The bankrupt having applied for his discharge, the Glafke-Dixon Company, creditor, and the trustee have interposed certain specifications in opposition thereto.   To these

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the bankrupt has filed exceptions. The inquiry relates to the sufficiency of the specifications.

[1] The first specification is that the bankrupt, knowingly and fraudulently, made a false oath in relation to a proceeding in bankruptcy, and it is objected that the materiality of said alleged false oath to the inquiry is not shown. It is shown, however, that the oath was made for the purpose of deceiving the trustee, and concealing the assets of the bankrupt, and preventing a discovery thereof. This I deem sufficient, in the absence of a more particular statement.

[2] Specifications for defeating a discharge, especially where attempting to set forth some act that the bankruptcy statute has made criminal, should be pleaded with greater particularity than where it is sought to allege matter pertaining to civil actions, although the strict rules pertaining to statements in indictments may not apply. The averments should at least be so specific and of such a character that their sufficiency may be met and tested by demurrer or by exceptions, in analogy to such as are employed in equity practice. Collier on Bankruptcy (9th Ed.) 324; In re Steed (D. C.) 107 Fed. 682, 685; In re Troeder, 150 Fed. 710, 80 C. C. A. 376. On its face, this specification would seem to be sufficient, though testimony is needed to determine whether or not it can be sustained.

[3] The second specification is predicated on the fourth ground of opposition to discharge. Section 14b (4), Bankruptcy Act. It is alleged that the bankrupt, with the intent to hinder, delay, and defraud his creditors, on January 4, 1913, executed a deed to an undivided interest in certain real property, which was recorded July 10, 1913, and is in fact a mortgage, and that the bankrupt, within four months preceding the filing of the petition in bankruptcy, knowingly and fraudulently concealed the same from the trustee. It is objected that the deed is shown to have been executed and recorded more than four months before the filing of the petition in bankruptcy, and hence does not fall within this ground of opposition. It is shown, however, that the deed was intended as a mortgage, and the concealing of that particular fact constitutes the fraudulent act complained against.

While the transaction was had more than four months prior to filing the petition in bankruptcy, the bankrupt continued, subsequent to the first day of the four months immediately preceding the filing of the petition, to conceal the alleged fact that the deed was a mortgage. This was a concealment of property within the intent of the subdivision. In re James, 181 Fed. 476, 104 C. C. A. 224; In re Wakefield (D. C.) 207 Fed. 180.

[4] By a second paragraph of the second specification it is sought to be shown that the bankrupt transferred certain accounts and notes to his wife for the purpose of concealing the ownership; but this is alleged on information and belief; and so of other notes and accounts, no list or memorandum of which is given. Facts stated upon mere information and belief are insufficient upon which to ground specifications in opposition to a discharge. In re Thomas (D. C.) 92 Fed. 912.

It was not intended, by fixing the statutory grounds for opposing a discharge, to afford the objectors opportunity to go upon a voyage of discovery for ascertaining whether, perchance, they might find some-

thing that would defeat the bankrupt's purpose. But, if the bankrupt be guilty of things that render him not entitled to a discharge, they ought to be directly and unequivocally alleged, so that he will be readily apprised of the direct issue as to them, and enabled to concert his defense, and the proof must be clear and convincing, although not beyond a reasonable doubt.

The third paragraph of specification No. 2 is of like character to the second, although relating to real property, and is subject to the same criticism.

[5] The third specification is subject to the criticism that it does not describe any property which it is alleged the bankrupt has concealed with intent to defraud his creditors. The property is described as a large amount of groceries and merchandise, and unless the description is made more specific the bankrupt is not apprised of what property the controversy is about.

The fifth specification is subject to the same criticism as the third, and the sixth is subject to the same criticism as paragraphs 2 and 3 of the second specification.

The fourth specification is perhaps sufficient.

The exceptions will be overruled as to the first and fourth specifications and the first clause or count of the second, and sustained as to the third, fifth, and sixth specifications and the second and third clauses or counts of the second; and such will be the order of the court.