## In re SLATKIN.

(District Court, E. D. Michigan, S. D.   January 2, 1923.)

No. 5272.

1. **Bankruptcy ⬤413(½)—Trustee can oppose discharge only if authorized by vote at creditors' meeting.**

Under Bankruptcy Act, § 14b (Comp. St. § 9598), providing that the trustee shall not oppose the bankrupt's discharge until authorized to do so at a meeting of the creditors called for that purpose, the trustee derives his authority to oppose a discharge from the creditors, and not from the referee, nor even from the court, and has no such authority until the creditors, at a meeting called for the purpose of considering the matter, have by formal vote expressly opposed the discharge.

2. **Bankruptcy ⬤413(8)—Specifications opposing discharge, alleging trustee was authorized by creditors' meeting, cannot be dismissed on motion.**

Where the specifications opposing the discharge of a bankrupt state on their face that the trustee has been duly authorized to oppose the discharge at a meeting of creditors duly called and held for that purpose, the specifications cannot be dismissed on motion on the ground of the lack of authority on the part of the trustee, since the allegations of fact therein must be accepted as true for the purpose of such motion.

3. **Bankruptcy ⬤413(3)—Verification of specifications opposing discharge on information and belief is insufficient.**

Under Bankruptcy Act, § 18c (Comp. St. § 9602), providing that all pleadings setting up matters of fact shall be verified under oath, bankruptcy rule 12 of the District Court, requiring verified specifications as provided in General Order No. 32 (89 Fed. xiii, 32 C. C. A. xxxi) and General Order No. 38 (89 Fed. xiv, 32 C. C. A. xxxvii), prescribing forms which call for positive verification of the petition in bankruptcy, specifications in opposition to discharge must be positively verified, and the verification that they are true to the best of the verifier's knowledge and belief is insufficient.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Bankruptcy ⊚⇒413(3)—Attorney having personal knowledge can verify specifications opposing discharge.**

Specifications by creditors objecting to the discharge of a bankrupt can be verified by their attorney, where it appears that the creditors were nonresidents, and that the attorney had personal knowledge of the facts, and was more familiar with them than the opposing creditors, though the practice of such verification is not to be generally commended.

**5. Bankruptcy ⊚⇒413(3)—Specifications opposing discharge held to show prima facie creditors were entitled to make them.**

Under Bankruptcy Act, § 14b (Comp. St. § 9598), providing that discharges may be opposed by parties in interest, and General Order No. 32 (89 Fed. xiii, 32 C. C. A. xxxi), and District Court rule 12, providing for the making by a creditor of objections to the discharge of a bankrupt, and in view of Bankruptcy Act, § 1a (9), being Comp. St. § 9585, defining a creditor as any one who owns a claim or demand provable in bankruptcy, the allegation in specifications opposing discharge to the effect that each of the objecting creditors is a creditor and person interested in the estate, is at least prima facie a sufficient averment that they are entitled to oppose the bankrupt's discharge.

**6. Bankruptcy ⊚⇒413(3)—Specifications opposing discharge must inform bankrupt of nature of charges against him.**

While specifications opposing the discharge of a bankrupt need not necessarily comply with the strict requirement governing the form of indictments, they must be sufficiently definite to apprise the bankrupt with reasonable certainty of the nature of the charges against him and of the grounds of the objections to his discharge, so that he may be able properly to prepare his defense and to frame and try specific issues of material fact.

**7. Bankruptcy ⊚⇒413(4)—Specifications opposing discharge for false oath must show falsity and materiality of statement.**

Specifications opposing discharge under Bankruptcy Act, § 14b(1), being Comp. St. § 9598, denying discharge after the bankrupt has committed an offense punishable by imprisonment, and section 29b(2), being Comp. St. § 9613, imposing punishment by imprisonment for knowingly and fraudulently making a false oath in any proceeding in bankruptcy, must allege the question asked, the answer given, the falsity as to a material fact, and a statement of the true facts, showing in what respects the answer was materially false, and specifications which merely show the giving of false answers, without showing the materiality of the answers, are insufficient.

**8. Bankruptcy ⊚⇒413(4)—Specifications opposing discharge for false oath must show which of several answers are false.**

Specifications opposing discharge of a bankrupt for false oath in bankruptcy proceedings, which set forth the answers of the bankrupt to several questions asked him, must specify which of those answers were false.

**9. Bankruptcy ⊚⇒413(5)—Specifications opposing discharge, alleging bankrupt failed to keep proper books, are insufficient.**

Under Bankruptcy Act, § 14b(2), being Comp. St. § 9598, denying discharge to a bankrupt who with intent to conceal his financial condition has failed to keep books of account or records from which such condition might be ascertained, a specification opposing the discharge, which alleged that the bankrupt failed to keep proper books and records of such withdrawals, from which his financial condition might be ascertained, was insufficient, since the injection of the word "proper" added a test as to the sufficiency of the books not imposed by Congress.

**10. Bankruptcy ⊚⇒413(5)—Specifications charging in statutory language failure to keep books are sufficient.**

A specification opposing discharge of a bankrupt, which charged in the language of Bankruptcy Act, § 14b(2), being Comp. St. § 9598, that he had, with intent to conceal his financial condition, failed to keep books.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of account or records showing moneys received and disbursed during the six months previous to the filing of petition in bankruptcy, from which his financial condition might be ascertained, is sufficient.

11. **Bankruptcy ⬤⟜413(4)—Specifications opposing discharge must describe property fraudulently transferred.**

A specification under Bankruptcy Act, § 14b(4), being Comp. St. § 9598, opposing discharge of a bankrupt for fraudulent transfer or concealment of his property, must describe with reasonable certainty the property to which reference is made by the opposing creditor.

12. **Bankruptcy ⬤⟜413(3)—Description of payment fraudulently transferred by bankrupt held insufficient.**

A specification opposing discharge in bankruptcy, which alleged a fraudulent transfer by the bankrupt of property consisting of a payment of money to two named individuals, without stating the amount of the money, is insufficient.

13. **Bankruptcy ⬤⟜413(3)—Description of lot fraudulently transferred held insufficient.**

A specification opposing discharge in bankruptcy for the fraudulent transfer of a lot, which described the lot merely as a certain vacant lot, located at a named town, owned by the bankrupt, and which he now claims belongs to his brother, but failing to describe the lot more particularly, or to state the name of the transferee, or any of the circumstances surrounding the transfer, is too uncertain and indefinite.

14. **Bankruptcy ⬤⟜413(3)—Specification opposing discharge for false statements to obtain credit held too indefinite.**

A specification, under Bankruptcy Act, § 14b(3), being Comp. St. § 9598, opposing discharge of a bankrupt on the ground he had obtained money or property on credit on a materially false statement in writing, which described the property merely as "merchandise," and alleged the false statement as a statement of assets and liabilities as greater and less, respectively, than they were, without giving the amount of the assets and liabilities, is insufficient.

15. **Bankruptcy ⬤⟜413(6)—Insufficient specification can be dismissed without prejudice to application for leave to file amended specifications.**

Where specifications opposing the discharge of a bankrupt were not properly verified, and were too indefinite and uncertain, so that they must be dismissed on motion, the dismissal may be without prejudice to the right of the opposing parties to file a petition for leave to file verified and amended specifications, to be attached to such petition.

In Bankruptcy. In the matter of the estate of Charles Slatkin, bankrupt. On exceptions to and motion to dismiss specifications of objection to the discharge for which the bankrupt has applied. Motion to dismiss granted, without prejudice to the right of objecting parties to file a petition for leave to file verified and amended specifications.

George E. Brand and Irwin I. Cohn, both of Detroit, Mich., for trustee and objecting creditors.

G. Leslie Field and Louis H. Wolfe, both of Detroit, Mich., for bankrupt.

TUTTLE, District Judge. This cause is now before the court on exceptions to, accompanied by a motion to dismiss, certain specifications of objection to the discharge for which the bankrupt has applied. The specifications, 21 in number, were filed by the trustee in bankruptcy in his capacity as such, and also as attorney for, and on behalf of, cer-

⬤⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tain creditors. The grounds of the exceptions and motion to dismiss are as follows:

(1) That the trustee has not been authorized by the creditors to object to the discharge of the bankrupt.

(2) That the specifications are not verified on positive oath, but upon "knowledge, information and belief."

(3) That it does not appear from the specifications that the objecting creditors are "parties in interest," entitled to oppose such discharge.

(4) That the specifications are too indefinite and uncertain to apprise the bankrupt of the nature of the charges against him, and are therefore insufficient.

[1] 1. Section 14b of the Bankruptcy Act (Comp. St. § 9598) provides, among other things, that:

"A trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do at a meeting of creditors called for that purpose."

A trustee, therefore, derives whatever authority he has to oppose a discharge from the creditors, not from the referee, nor even from the court. In re Hockman (D. C.) 205 Fed. 330; In re White, 248 Fed. 115, 160 C. C. A. 255 (C. C. A. 9). Unless, then, the creditors of this bankrupt, at a meeting called for the purpose of considering the matter, have by a formal vote expressly authorized the trustee to oppose the discharge of the bankrupt, such trustee is without any such authority, and the specifications filed by him must, so far as he is concerned, be dismissed.

[2] The specifications, however, state on their face that the trustee has been—

"duly authorized to oppose the granting of a discharge to such bankrupt, at a meeting of creditors duly called and held for that purpose."

The objection, therefore, based upon said alleged lack of authority on the part of the trustee, cannot be maintained as a ground for the motion to dismiss the specifications (the allegations of fact in the specifications being accepted as true for the purposes of the motion); but such objection can be considered only on a hearing of such specifications upon their merits. The record before this court does not show what proceedings were had or action taken with respect to this question of authority, and no opinion thereon is here expressed.

[3] 2. In the affidavits attached to the specifications, it is stated by the affiant that the statements of fact contained in the specifications of objection signed by him are true to the best of his "knowledge, information, and belief." It is insisted by the bankrupt that this verification is insufficient. While there is no statutory provision relating to the verification of such specifications, section 18c of the Bankruptcy Act (Comp. St. § 9602) provides that "All pleadings setting up matters of fact shall be verified under oath." Rule 12 of the Bankruptcy Rules of this court provides that:

"In case a creditor or other party in interest desires to oppose the granting of the discharge, he shall cause to be filed with the clerk, on or before the return day of the order to show cause, his appearance in opposition thereto

and shall file verified specifications of the grounds of his opposition within ten days thereafter as provided in General Order No. 32 and serve a copy thereof upon the bankrupt, or his attorney if he appears by attorney."

General Order No. 38 (89 Fed. xiv, 32 C. C. A. xxxvii) provides that:

"The several forms annexed to these general orders shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case."

The official forms (thus referred to and promulgated by the Supreme Court) of schedules in bankruptcy expressly call for a positive verification. The form of an involuntary petition in bankruptcy contains, in the jurat thereto, an allegation that the petitioning creditors "do hereby make solemn oath that the statements contained in the foregoing petition, specified by them, are true." In view of the close similarity, in nature, purpose, and effect, between a petition of creditors seeking to have a person adjudged a bankrupt and a petition of creditors seeking to prevent such person from thereafter being released from the consequences of such bankruptcy, I reach the conclusion that the same considerations with respect to the necessity for positive verification are applicable to both pleadings, and that allegations of fact in specifications in opposition to a discharge must be verified by positive statements of knowledge, and not, as in the present case, by a vague averment of "knowledge, information and belief," without any indication as to what facts are alleged and what are merely believed. This view is supported by the weight of authority. In re Brown, 112 Fed. 49, 50 C. C. A. 118 (C. C. A. 5); In re Vastbinder (D. C.) 126 Fed. 417; In re Farthing (D. C.) 202 Fed. 557; In re White (D. C.) 222 Fed. 688; In re Abramovitz (D. C.) 253 Fed. 299. The specifications are not properly verified, and this exception is sustained.

[4] It is suggested, rather than formally urged, by the bankrupt, that the specifications filed on behalf of the objecting creditors are not verified by them, but by their attorney. While such practice is not to be generally commended, and may under some circumstances be improper, I am not prepared to hold such specifications insufficient merely because they are verified by the attorney for the objecting creditors, where, as here, it appears that such creditors are nonresidents of Michigan, and the verifying affidavit states that it—

"is made by deponent for the reason that deponent has had personal charge of the above-entitled cause and is more familiar with the same than any officers of the objecting creditors." In re Chequasset Lumber Co. (D. C.) 112 Fed. 56; In re Baerncopf (D. C.) 117 Fed. 975; In re Hunt (D. C.) 118 Fed. 282; In re Vastbinder, supra; In re Milgraum (D. C.) 129 Fed. 827; Rogers v. De Soto Placer Mining Co., 136 Fed. 407, 69 C. C. A. 251 (C. C. A. 9).

General Order No. 4 (89 Fed. iv, 32 C. C. A. viii) expressly provides that:

"Every party may appear and conduct the proceedings by attorney."

[5] 3. It is claimed by the bankrupt that the specifications do not show that the objecting creditors are entitled to maintain such objections. Section 14b of the Bankruptcy Act provides that discharges

may be opposed by "parties in interest." Provision is made by General Order No. 32 (89 Fed. xiii, 32 C. C. A. xxxi) and by local rule 12, hereinbefore quoted, for the making by a "creditor" of objections to the discharge of the bankrupt. Section 1a(9) of the Bankruptcy Act (Comp. St. § 9585) defines "creditor" as including "any one who owns a demand or claim provable in bankruptcy." The objecting creditors are listed in the schedules of the bankrupt in the present case as "creditors whose claims are unsecured" and as creditors holding promissory notes aggregating more than $3,000. It is plain that at least prima facie the allegations in the specifications to the effect that each of said objecting creditors is "a creditor and person interested in the said estate" is a sufficient averment that they are entitled to oppose the bankrupt's discharge, and the exception based on the argument to the contrary is overruled. In re Walker (D. C.) 96 Fed. 550; In re Nathanson (D. C.) 155 Fed. 645; In re Barrager (D. C.) 191 Fed. 247; In re Haley, 206 Fed. 266, 124 C. C. A. 330; In re Armstrong (D. C.) 248 Fed. 292; In re Wood (D. C.) 283 Fed. 565.

[6] 4. The specifications are attacked as being too vague and indefinite. The rule in this connection is that while such specifications need not necessarily comply with the strict requirements governing the form of indictments, yet they must be sufficiently definite to apprise the bankrupt, with reasonable certainty, concerning the nature of the charges against him and of the grounds of the objections to his discharge, so that he may be able to properly prepare his defense and to frame and try specific issues of material fact. In re Holman (D. C.) 92 Fed. 512; In re Magen Brothers Co., 192 Fed. 883, 113 C. C. A. 207 (C. C. A. 3); In re Wood (D. C.) 283 Fed. 565.

The specifications here involved are based upon four different statutory grounds of opposition to the granting of a discharge to the bankrupt.

[7] (a) Section 14b (1) of the Bankruptcy Act (Comp. St. § 9598) provides that a bankrupt shall be granted a discharge unless he has, among other things, "committed an offense punishable by imprisonment as herein provided." Section 29b (2) of the act (Comp. St. § 9613) provides that a bankrupt shall be punished by imprisonment as therein prescribed upon conviction of the offense of having knowingly and fraudulently "made a false oath or account in, or in relation to, any proceeding in bankruptcy." The first 11 specifications allege that the bankrupt, in the course of the proceedings in bankruptcy, when examined before the referee at the first meeting of creditors, committed an offense punishable by imprisonment as provided in the Bankruptcy Act, in that he knowingly and fraudulently made false oaths in answering certain questions set forth in said specifications respectively. Some of the specifications refer to only one question and answer; others refer to several. The first specification is typical. It alleges that the bankrupt—

"knowingly and fraudulently made a false oath in answering the following question, as answered: 'Q. Did your wife have a bank account? A. No, sir.'"

[8] I am of the opinion that this charge does not sufficiently inform the bankrupt of the facts which he must prepare himself to meet. In

view of the serious nature of these proceedings and the grave consequences which may result to the bankrupt, I am satisfied that proper pleading and practice and the rights of the bankrupt require that the latter should be definitely informed in just what respect he is charged with having committed what constitutes in substance and effect the crime of statutory perjury in bankruptcy, so that he may know exactly what accusation he must defend himself against. It does not appear from this question and answer, standing alone, whether the bankrupt had a wife. It is not certain whether the inquiry relates to a supposed bank account standing in the name of such wife, or to an account in the name of some other person, but claimed to belong to the wife of the bankrupt. It is not alleged that the bankrupt's wife had a bank account, and, if so, in whose name it stood, and in what bank it was. Nor is it charged that the false oath, if any, was material to the proper subject-matter of the proceedings. Certainly Congress could not have intended to make every false oath of a bankrupt a ground for depriving him of his right to a discharge, but must have had in mind and have intended to refer to false oaths relating to a material matter, and such materiality should be pointed out or otherwise appear. Ammerman v. United States, 185 Fed. 1, 108 C. C. A. 1; In re Rivkin (D. C.) 216 Fed. 218. All of the other specifications relating to a single question and answer are open to the objections just indicated, and are equally insufficient. Those referring to, and based upon, alleged falsity of oath in answering more than one question, are obviously subject to the further and additional objection resultant from their failure to specify which of such several answers are claimed to be false.

I hold that four things should be alleged in order to constitute a good and sufficient specification on the ground of a false oath: (1) The question asked; (2) the answer given; (3) that it was false as to a material fact; and (4) a statement of the true facts, showing in what respects the answer was materially false. The last two are here lacking. The exceptions to the 11 specifications just considered must be sustained.

[9] (b) Under the provisions of subdivision 2 of section 14b of the Bankruptcy Act (Comp. St. § 9598), a bankrupt who has, "with intent to conceal his financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained," is not entitled to discharge. The twelfth specification charges that the bankrupt, with such statutory intent, failed to keep "proper" books and records of certain withdrawals made by him in his business, from which records his financial condition might be ascertained. It will be noted that by the injunction of the word "proper" the objecting creditors have introduced as a ground for opposition to a discharge an element not mentioned by Congress in prescribing what acts and conduct should constitute grounds for refusing such discharge. Congress has limited the duty of the bankrupt in this connection to the keeping of books and records "from which such condition might be ascertained." That is the only test by which the sufficiency of the books and records in question is to be determined. An averment that a bankrupt has failed to keep "proper" books and rec-

ords of business transactions, not only is outside of the scope of the applicable statute, but, in view of its uncertainty of meaning, can lead only to confusion.

[10] The thirteenth specification alleges that:

"The bankrupt, with intent to conceal his financial condition, failed to keep books and records showing moneys received and disbursed by him in his business during the six months previous to the filing of the petition in bankruptcy, from which books his financial condition might be ascertained."

This language satisfies the requirements applicable, it being well settled that in charging a violation of this clause of the statute it is sufficient to follow the language thereof already quoted. E. H. Godshalk Co. v. Sterling, 129 Fed. 580, 64 C. C. A. 148 (C. C. A. 3); In re Randall (D. C.) 159 Fed. 298; In re Hanna, 168 Fed. 238, 93 C. C. A. 452 (C. C. A. 2); In re Magen Brothers Co., supra; In re Weston, 206 Fed. 281, 124 C. C. A. 345 (C. C. A. 2); In re Epstein (D. C.) 248 Fed. 191. The exception to the twelfth specification must be sustained and that to the thirteenth overruled.

[11-13] (c) Under section 14b(4) of the Bankruptcy Act (Comp. St. § 9598), a bankrupt is not entitled to a discharge if he has—

"at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors."

In charging this ground of objection to a discharge, it is necessary to describe, with reasonable certainty, the property to which reference is made by the objecting creditor. In re Parish (D. C.) 122 Fed. 553; In re Magan Brothers Co., supra; In re White (D. C.) 222 Fed. 688. The fourteenth specification alleges a transfer by the bankrupt, within the prohibited period and with the forbidden intent, of property "consisting of a payment of money to Louise Kahn and a payment of money to Nathan Rose." The amount is not stated, and this is, therefore, too indefinite a statement to serve as a description, with the reasonable certainty required, of the property alleged to have been transferred, and the exception thereto must be sustained. The fifteenth and sixteenth specifications properly allege the transfer and concealment, respectively, of certain property specifically designated. The name of the alleged transferee also is stated, and the property, while not described with all of the particularity which could be desired, is sufficiently identified to apprise the bankrupt as to the property referred to. These two exceptions are overruled. The seventeenth specification appropriately charges the fraudulent transfer, in violation of the Bankruptcy Act of "a certain vacant lot located at River Rouge, Michigan, owned by said bankrupt, and which he now claims belongs to his brother, Isadore Slatkin." In view of its failure to either particularly describe the "certain vacant lot" thus alluded to or to state the name of the alleged transferee thereof, or to relate any of the circumstances surrounding such alleged transfer, I am of the opinion that this specification is too uncertain and indefinite and that the exception thereto should be sustained.

[14] (d) Section 14b(3), being Comp. St. § 9598, provides for the withholding of a discharge from a bankrupt who has—

"obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

The last four specifications (numbered 18 to 21, inclusive) charge, in the language of the statute just quoted, that the bankrupt obtained "merchandise" (neither the kind nor the quantity of which is mentioned) on credit from certain named creditors, upon materially false, written statements made by him, at a time, and to a person, mentioned in the specifications, for the purpose of obtaining credit. It is alleged that said statements showed liabilities and assets of the bankrupt in certain specified sums which are averred in said specifications, to have been less and greater, respectively, than the liabilities and assets then owned by the bankrupt. The facts, however, with reference to such assets or liabilities are not alleged even approximately and no means are mentioned by which it can be ascertained or inferred what was the amount or condition thereof or to what extent or in what details any of said alleged financial statements were "false," "materially" or otherwise. It is further alleged that the statements in question showed that the bankrupt kept "regular books, while the same was not a fact." What is meant by the words "regular books," or in what respect this reference to the keeping of such books was false, is not stated nor otherwise indicated. In view of their indefiniteness and failure to describe or point out the falsity charged or, even in a general way, to describe the property claimed to have been so obtained by the bankrupt, such specifications must be held insufficient and defective and the exceptions thereto are sustained.

[15] For the reasons stated the motion to dismiss must be granted, without prejudice to the right of the objecting parties to file, within 20 days from the date of this opinion, a petition for leave to file verified and amended specifications to be attached to such petition. In re Osborne, 115 Fed. 1, 52 C. C. A. 595 (C. C. A. 1); In re Carley, 117 Fed. 130, 55 C. C. A. 146 (C. C. A. 3); In re Gift (D. C.) 130 Fed. 230; In re Meurer (D. C.) 144 Fed. 445; In re Nathanson (D. C.) 152 Fed. 585; In re Wittenberg (D. C.) 160 Fed. 991; In re Hanna, supra; In re Miller (D. C.) 192 Fed. 730; In re Pechin (D. C.) 225 Fed. 798; International Silver Co. v. New York Jewelry Co., 233 Fed. 945, 147 C. C. A. 619 (C. C. A. 6).

An order will be entered in accordance with the terms of this opinion.