## In re BRINSON.

(District Court, S. D. Florida. February 2, 1925.)

No. 2687.

**1. Bankruptcy ⟠413(3) — That objector to discharge of bankrupt did not sign specification of objections "as creditor" held not to require dismissal.**

That specifications of objection to discharge of bankrupt were not signed by objector "as creditor" *held* not to require dismissal of such specification; form being otherwise official and having effect of law, and court being justified in taking notice of records of case showing interest of objector.

**2. Bankruptcy ⟠413(4)—Specification of objections alleging concealment of accounts by bankrupt held sufficient.**

Specifications of objections to discharge of bankrupt, which alleged concealment of accounts due bankrupt, which were collected after his adjudication, *held* sufficient, except one, which showed bankrupt had received payment before adjudication.

**3. Bankruptcy ⟠408(1)—False oath to schedule filed by bankrupt held ground for denying discharge.**

Under Bankruptcy Act, § 29b, cl. 2 (Comp. St. § 9613), false oath, to bar discharge of bankrupt, must have been made in relation to some proceeding in bankruptcy; but false oath to schedule B was within such requirement, and was ground for denying discharge.

**4. Bankruptcy ⟠413(5)—That bankrupt destroyed, concealed, or failed to keep books of account is not good as specification of objection to discharge.**

That bankrupt destroyed, concealed, or failed to keep books of account is not good as specification of objection to discharge.

**5. Bankruptcy ⟠413(4)—Specification of objection to discharge of bankrupt held insufficient.**

Specifications of objection to discharge of bankrupt, that he had transferred, removed, destroyed, or concealed accounts due at time of adjudication, *held* insufficient for failure to inform the bankrupt or court of specific charge to be met as to each account.

In Bankruptcy. In the matter of W. T. Brinson, bankrupt. On motion of bankrupt to strike specification of objections of B. G. Waring to discharge. Motion denied in part, and allowed in part.

See, also, 1 F.(2d) 824.

E. Dixie Beggs, of Madison, Fla., for Waring.

Chas. E. Davis, of Madison, Fla., for bankrupt.

CALL, District Judge. This cause comes on for a hearing upon the motion of the bankrupt to strike the specifications of objections of B. G. Waring to the discharge of the bankrupt. The bankrupt was adjudicated February 16, 1924, upon his voluntary petition, and on November 12th filed his petition to be discharged. On December 19th B. G. Waring filed his specifications of objection to such discharge, and on January 5, 1925, the bankrupt filed his motion to strike same, as insufficient to bar the discharge. By stipulation the cause was submitted on brief.

The specifications of objections can be divided into four general classes. The first, second, third, and fourth urge the concealing of property from the trustee. The fifth, sixth, seventh, and eighth urge the false oath to schedule B. The ninth urges the destruction, concealment, or failure to keep books of account. The tenth, eleventh, and twelfth urge the transference, removal, destruction, or concealment of certain accounts due the bankrupt at the time of adjudication.

[1] The specification, in its description of the person filing them, is as follows: "B. G. Waring, of Madison, in the county of Madison, and state of Florida, a party interested in the estate of 'the bankrupt,' does oppose the granting to him of a discharge from his debts"—and then proceeds to set out the grounds of such opposition as above noted. These specifications are signed and sworn to by Waring; his signature being "B. G. Waring." Official form 58 seems to have been followed, except the objector did not sign as "creditor," as therein provided.

One of the grounds urged for a dismissal of the specifications is that the interest of the objector in the estate is not shown. There are a number of cases which would seem to hold that the specifications must show facts from which this interest will appear, but it seems to me the later cases relax this rule. In Re Slatkin (D. C.) 286 F. 242, and in Re Wood (D. C.) 283 F. 565, it is held that a person scheduled as a creditor is a person having an interest in the estate and can object to the discharge. And in Freshmen v. Adkins, 294 F. 867, the Circuit Court of Appeals for this circuit holds that the judge, in passing upon the question of discharge vel non, may take judicial cognizance of the records of his court bearing upon that question. Other cases hold that the judge will look to the record of the particular case, on a motion to dismiss, to ascertain the interest of the objector. There can be no doubt but that, had the objector signed as "creditor," the interest would have appeared. The form is official and has the effect of law. And if the court is justified in taking notice of the records of the case, then the fact that Waring is scheduled as a creditor shows his interest in the estate. The objections on this ground will therefore be overruled.

[2] Now, taking up the first, second, third, and fourth. The property alleged to have been concealed in each specification is an account due the bankrupt from a party, which debt, except the one mentioned in specification No. 2, was collected by the bankrupt after his adjudication. These accounts do not appear in schedule B of his petition so far as my examination shows. These accounts were property of the bankrupt and should have gone to the trustee, who took title as of the date of adjudication, February 16, 1924. Specification No. 2 shows that the same was paid to the bankrupt before adjudication, so I do not think that specification alleges concealment; therefore objection to specification No. 2 will be sustained, and overruled as to specifications Nos. 1, 3, and 4.

[3] Specifications Nos. 5, 6, 7, and 8 are based upon the verification to schedule B, made February 14, 1924, before adjudication. As I understand the meaning of clause 2, § 29b, of the Bankruptcy Act (Comp. St. § 9613), the false oath must be made in or in relation to any proceeding in bankruptcy. The oath attached to the petition to be adjudged a bankrupt is, under the case to which I have access, such an oath as, if false, will prevent his discharge. It is a step in the proceedings to be declared a bankrupt, and a very important one. The objections to specifications 5, 6, 7, and 8 will be overruled.

[4] The ninth specification is that the bankrupt destroyed, concealed, or failed to keep books of account. The specification is not good, and the objection will be sustained.

[5] The tenth, eleventh, and twelfth specifications each charge the transference, removal, destruction, or concealment, or permission to do so, of these accounts due to

the bankrupt. Neither of these specifications are maintainable against the objections of the bankrupt. Neither the ninth, tenth, eleventh, or twelfth specification charges concealment, but each is so worded as to charge one or the other of the acts prohibited by the act; and this is not allowed, as I understand the law. They do not inform the bankrupt or the court of the specific charge to be met and decided.

The objections to the tenth, eleventh, and twelfth specifications will be sustained.