In re BRADIN.

(District Court, E. D. Pennsylvania.  June 24, 1910.)

No. 3,715.

1. BANKRUPTCY (§ 413*) — DISCHARGE OF BANKRUPT — OBJECTIONS — SUFFICIENCY.

An objection to the discharge of a bankrupt because of his failure to keep proper books of account, which does not state that such failure was with intent to conceal his financial condition, is insufficient, but the defect is amendable.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 413*) — DISCHARGE OF BANKRUPT — OBJECTIONS — SUFFICIENCY.

Objections to the discharge of a bankrupt, charging in effect a fraudulent transfer of the bankrupt's property within the four months period, are sufficient.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

In the matter of the bankruptcy of James A. Bradin.  Heard on objections to bankrupt's discharge.  Cause committed to referee.

Alex. M. De Haven and Ephraim Lederer, for objecting creditors.
Harry M. McCaughey, for bankrupt.

J. B. McPHERSON, District Judge.  Separate objections to the bankrupt's discharge have been filed by two creditors, William E. Gibson and Frederick Gerber, and these objections are attacked by the bankrupt as insufficient.

The first objection of each creditor is defective, because it does not aver that the bankrupt's failure to keep proper books of account was with intent to conceal his financial condition.  Godshalk Company v. Sterling, 12 Am. Bankr. Rep. 303, 129 Fed. 580, 64 C. C. A. 148. But this is amendable, and permission is given to amend within three days; otherwise, the objection will be dismissed.

The fourth and fifth objections of Gibson and the fourth, fifth, and sixth objections of Gerber need no comment.  They are plainly insufficient and are hereby dismissed.

The second and third objections of Gibson and the second and third objections of Gerber, when read in each instance as if they were combined in one paragraph, are sufficiently specific, and are sustained.  In effect, they charge a fraudulent transfer of the bankrupt's property within the four months period.  These objections—with the first, if the amendment shall be made—are committed to the referee for prompt and appropriate action thereon.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes