## In re EPSTEIN.

### (District Court, S. D. Florida. November 17, 1917.)

1. BANKRUPTCY ⟨⟩413(3)—DISCHARGE—SUFFICIENCY OF OBJECTION.

   An objection to a bankrupt's discharge on the ground that he failed to keep books of account, to be sufficient under Bankruptcy Act July 1, 1898, c. 541, § 14b (2), 30 Stat. 550 (Comp. St. 1916, § 9598), must allege that the failure was with intent to conceal his financial condition.

2. BANKRUPTCY ⟨⟩413(3)—DISCHARGE—SUFFICIENCY OF OBJECTIONS.

   An objection to discharge on the ground that the bankrupt obtained property by means of a materially false statement in writing is insufficient, unless it sets out the statement and alleges wherein it was false, to whom it was made, and from whom the property was obtained.

3. BANKRUPTCY ⟨⟩407(1)—DISCHARGE—GROUNDS FOR REFUSAL.

   A bankrupt can be refused a discharge only on one of the grounds named in the statute.

In Bankruptcy. In the matter of Morris Epstein, doing business as "The Outlet," bankrupt. On motion to strike out specifications of objection to bankrupt's discharge. Motion granted.

H. N. Sandler, of Tampa, Fla., for bankrupt.

Knight, Thompson & Turner, of Tampa, Fla., for creditors.

CALL, District Judge. This cause comes on to be heard upon the motion to strike six of the seven specifications of objection to the discharge of the bankrupt. The motion is withdrawn as to the sixth specification, said sixth specification having been amended subsequent to the motion made.

[1] The first specification is "that said bankrupt failed to keep books of account from which his creditors could ascertain his true financial condition." The second is "that said bankrupt kept no books," etc.

Section 14b (2) of the Bankruptcy Act states what is necessary to defeat the discharge of the bankrupt. It must be "with intent to conceal his financial condition." Comp. St. 1916, § 9598. These specifications are absolutely silent as to what the intention of the bankrupt was in failing to keep books. Specifications of objection to discharge must be sufficiently definite to put the bankrupt upon notice of what he is to meet, and make the issue of fact to which the evidence is to be adduced.

It has been generally decided that a specification of objection under subdivision (2) is sufficient, if stated in the words of the statute. A specification couched in the language of the above specifications held insufficient in In re James A. Bradin (D. C.) 179 Fed. 768, 24 Am. Bankr. Rep. 793. The motion to dismiss these specifications, unless the same shall be amended within five days, will be granted.

[2] The third specification is that the bankrupt obtained property from the objecting and other creditors upon a material false statement in writing made by him for the purpose of obtaining credit. The words of the statute were used without any attempt to show to whom

the statement was made, from whom the goods were obtained, or what the false statement was, or wherein false. Under all the authorities I have seen such a specification is insufficient, and the motion to dismiss will be granted.

The fourth specification sets up that the bankrupt, desiring to obtain property from the Hutchinson Shoe Company, a creditor, made a statement in writing showing assets of $5,400 and liabilitities of $1,700; that said statement was false, and made for the purpose of obtaining credit from said company and other creditors, etc. There is no allegation that he obtained such credit, nor wherein said statement was false.

The fifth specification is that the bankrupt gave "information"-to R. G. Dun & Co., upon which they based their statement. No allegation that the information was in writing, or any part of it false, materially or otherwise, or made for the purpose of obtaining credit, or that goods were obtained.

These three specifications were evidently intended to be framed upon subdivision 3 of section 14b of the Bankruptcy Act:

"Obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

A reading of specifications 3, 4, and 5 will show that each is wanting in the essential allegations to make such specifications sufficient. In re Levey, 133 Fed. 572, 13 Am. Bankr. Rep. 317; In re Main, 205 Fed. 421, 30 Am. Bankr. Rep. 552. The motion to dismiss these specifications will therefore be granted.

[3] The seventh specification is that the bankrupt has not accounted for money or property coming into his hands since he has been engaged in business. There are six grounds mentioned in the statute why a bankrupt shall be refused his discharge. Unless one of these six grounds is alleged and proven, the court cannot refuse the bankrupt a discharge. This seventh specification does not set forth one of the grounds mentioned in the statute. If the pleader intended it under the fourth subdivision of section 14b of the Bankruptcy Act, it is so clearly insufficient as not to admit of argument to the contrary.

The motion to dismiss the seventh specification will be granted.

It will be ordered accordingly.