In re HOCKMAN.

(District Court, E. D. Pennsylvania. December 20, 1912.)

No. 4,088.

1. BANKRUPTCY (§§ 411, 415*)—APPLICATION FOR DISCHARGE—OBJECTIONS—FILING.

An application for a bankrupt's discharge and objections thereto must be filed with the bankruptcy court, and not with the referee, and all questions arising out of the application are original questions for the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 692–708, 719, 723, 724, 726, 728; Dec. Dig. §§ 411, 415.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 405*)—DISCHARGE—OBJECTIONS—RIGHT TO RAISE—TRUSTEE.

Under Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act Cong. June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496), providing that a trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do at a meeting of creditors called for that purpose, the authority of the trustee to object is derived from the bankrupt's creditors, and unless he is so authorized he has no right to intervene and file objections.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 709–711; Dec. Dig. § 405.*]

3. BANKRUPTCY (§ 412*)—DISCHARGE—APPLICATION—NOTICE TO CREDITORS.

Since a referee in bankruptcy has no power to hear applications for a discharge, the notice to creditors of the hearing and fixing of the date must be on order of the court in accordance with Supreme Court form 57.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 696, 697; Dec. Dig. § 412.*]

4. BANKRUPTCY (§ 411*)—DISCHARGE—PARTIES—TRUSTEE.

The trustee of a bankrupt is not a party to proceedings for discharge until he has been made so by the creditors at a meeting called for that purpose, but when authority has been obtained he becomes a party by filing specifications of objections.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 692–708; Dec. Dig. § 411.*]

5. BANKRUPTCY (§ 231*)—DISCHARGE—OBJECTIONS BY TRUSTEE—AUTHORIZATION—MEETING OF CREDITORS—NOTICE.

A referee in bankruptcy has power to call a meeting of creditors to authorize the trustee to file objections to the bankrupt's discharge, under Bankr. Act July 1, 1898, c. 541, § 58c, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), providing that all notices shall be given by the referee, unless ordered by the judge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 541; Dec. Dig. § 231.*]

In Bankruptcy. In the matter of the bankruptcy proceedings of Abram Hockman. On motion to dismiss specifications of objections to the bankrupt's discharge. Denied.

Albert S. Longbottom and Robert J. Byron, both of Philadelphia, Pa., for objecting trustee.

Edwin Fischer and Wessel & Aarons, all of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. The trustee has filed specifications of objections to the bankrupt's discharge, in which he states that he has been authorized to interpose objections at a meeting of creditors held before the referee in bankruptcy on the 21st day of December, 1911.

[1] The first reason assigned by the bankrupt for dismissing the specifications is that the trustee was not duly authorized to file such specifications, and it is argued that the provision of section 14b of the Bankruptcy Act, providing that "the judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposi-

tion thereto by parties in interest," excludes from the referee the power to call a meeting of creditors to authorize the trustee to interpose objections to the bankrupt's discharge. It is well settled that the application and objections thereto must be filed with the court, and not with the referee, and that all questions arising out of application for discharge are originally questions for the court, and expressly withheld by the act from the referee. In re Johnson (D. C.) 19 Am. Bankr. Rep. 817, 158 Fed. 342; In re H. M. Taylor (D. C.) 26 Am. Bankr. Rep. 145, 188 Fed. 479; In re Randall (D. C.) 20 Am. Bankr. Rep. 305, 159 Fed. 298.

[2] The amendment of 1910 to section 14 contains the following. proviso:

"That a trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do at a meeting of creditors called for that purpose."

The object of the amendment is to confer upon those most vitally interested—that is, the creditors—power to authorize the trustee to interpose objections. Unless the trustee is so authorized, he is not permitted to intervene by objection. His authority to interpose objections is derived, not from the judge, or from the referee, but from the creditors.

[3] As the act has excluded from the referee the power to hear applications for discharge, the notice to creditors of the hearing and the fixing of the date should be upon the order of the judge, in accordance with Supreme Court form 57.

[4] The trustee, however, is not a party to the proceedings for discharge until he has been made so by the creditors at a meeting called for that purpose. When the authority is obtained, he becomes a party to the proceeding by filing his specifications of objections.

[5] In the preliminary matter of calling a meeting of the creditors to obtain this authority, I think the general provisions of section 58c apply, namely:

"All notices shall be given by the referee unless otherwise ordered by the judge."

The second reason assigned is that the specifications filed are informal, insufficient, and defective. In my opinion, the reasons filed by the trustee are sufficiently specific to give the bankrupt notice of what he is to meet at the hearing.

The motion is therefore denied.