### In re REIFF.

(District Court, E. D. Pennsylvania.   May 8, 1913.)

No. 4,208.

BANKRUPTCY (§ 413*)—DISCHARGE—AUTHORITY OF TRUSTEE TO FILE OBJEC-TIONS.

The amendment of Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496), providing that a trustee shall not interpose objections to a bankrupt's discharge until he shall be au-thorized to do so at a meeting of creditors called for that purpose, is sat-isfied if the authority be given at a meeting called by the referee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727: Dec. Dig. § 413.*]

In the matter of David Reiff, bankrupt.   On motion by bankrupt to dismiss specifications of objection to discharge filed by trustee. Sustained in part, with leave to amend.

Edwin Fischer and Wessel & Aarons, all of Philadelphia, Pa., for bankrupt.

Harry S. Mesirov, of Philadelphia, Pa., for objecting trustee.

J. B. McPHERSON, Circuit Judge.   Judge Thompson, of this district, has recently decided, in Re Hockman, 205 Fed. 330, that the amendment of June 25, 1910 (36 Stat. 839, c. 412, § 6 [U. S. Comp. St. Supp. 1911, p. 1496]) to section 14, subd. "b" (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), providing:

" * * * That a trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do at a meeting of creditors called for that purpose"

—is satisfied if the authority be given at a meeting called by the ref-eree, and that the District Judge is not required himself to issue the call and hold the meeting, or specially to authorize such call and meet-ing.   I not only follow this ruling, but I agree with it, and therefore overrule the bankrupt's first objection to the specifications filed by the trustee.

The remaining objections attack all the specifications as insufficient; but I cannot assent to the bankrupt's argument, except as to the fourth. This, I think, should be made more definite, especially because the trustee is evidently in possession of information that will probably

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

enable him to be more specific—at least within reasonable limits. He may amend the fourth specification within five days, but in default of such amendment the clerk will mark it dismissed.

The bankrupt's objections to the first three specifications are dismissed; the objections to the fourth are sustained, with leave to amend.