In re VANOSCOPE CO.

In re LOWERY.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

No. 214.

1. BANKRUPTCY ⬤⟿444—ORDERS—PETITION TO REVISE.

A petition to revise an order of the District Court sitting in bankruptcy, not filed within the 10 days prescribed by rule 38 (150 Fed. liv, 79 C. C. A. liv), must be dismissed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–927; Dec. Dig. ⬤⟿444.]

2. BANKRUPTCY ⊚⟶446—ORDERS—PETITION TO REVISE.

An order made in a common-law action wherein the bankrupt was a defendant cannot, after bankruptcy, be reviewed on petition to revise orders in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⊚⟶446.]

3. BANKRUPTCY ⊚⟶11—PROCEEDINGS—JURISDICTION OF COURT.

After bankruptcy of the defendant, an order made in a common-law action against the defendant cannot be resettled in the bankruptcy proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. ⊚⟶11.]

4. BANKRUPTCY ⊚⟶440—ADJUDICATION—ORDER OF—PROCEEDING TO REVIEW.

Under Bankr. Act July 1, 1898, c. 541, §§ 24a, 24b, and 25, 30 Stat. 553 (Comp. St. 1913, §§ 9608, 9609), providing for revision of proceedings in inferior courts of bankruptcy, and for appeals from judgments adjudging or refusing to adjudge the defendant a bankrupt, etc., an order denying a motion to vacate an adjudication in bankruptcy should be reviewed by petition to revise.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⊚⟶440.]

5. BANKRUPTCY ⊚⟶18½—ADJUDICATION—VACATION.

Bankr. Act, § 1, declares that a person against whom a petition has been filed shall include a person who has filed a voluntary petition. General Order No. 6 (89 Fed. v, 32 C. C. A. v) provides that, where two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile, that proceedings upon the other petitions may be stayed until an adjudication is made upon the petition first heard, and that the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed. In September an involuntary petition to have a corporation adjudged a bankrupt was filed in the District Court of Delaware and in October the corporation filed a voluntary petition in the Southern district of New York, in which proceeding the corporation was adjudicated a bankrupt. The involuntary proceedings were instigated by the corporation, and creditors intervened in such proceedings. *Held* that, the corporation having been adjudged a bankrupt by the New York District Court, which was the court of its domicile, such adjudication should not be vacated because of the pendency of the proceedings in the Delaware court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⊚⟶18½.]

Petition to Revise Orders of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of the Vanoscope Company. Petition by William D. Lowery to revise orders of the District Court made in such proceeding. Dismissed as to two orders; affirmed as to the others.

See, also, 230 Fed. 1023, —— C. C. A. ——.

A. L. Rosenberg, of New York City, for petitioner.

Hitchings & Burdick, of New York City (H. M. Hitchings, of New York City, of counsel), for respondent.

Before COXE and ROGERS, Circuit Judges, and MAYER, District Judge.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, District Judge. [1] The petition to revise was filed November 15, 1915. One of the orders sought to be revised was dated and entered November 1, 1915, and therefore the petition to revise was not filed within the time prescribed by rule 38 (150 Fed. liv, 79 C. C. A. liv)—10 days—and must be dismissed.

[2] Another order brought here was made in a common-law action wherein one Robinson was plaintiff and Vanoscope Company defendant. This order is not reviewable upon a petition to revise, and the petition as to it must be dismissed.

[3] A third order, dated November 5, 1915, was made in a voluntary bankruptcy proceeding. This order denied a motion to set aside a sale and to resettle an order made by the District Court on September 9, 1915, in the action of Robinson v. Vanoscope Company above referred to. As the District Judge pointed out:

"The third motion is utterly irregular, in that it is made in the bankruptcy proceeding and has for its object the resettlement of an order entered in the common-law case."

With this conclusion we agree, and that order is affirmed.

[4] There thus remains for consideration only the order dated November 5, 1915, entitled "In the Matter of Vanoscope Company, Bankrupt," denying a motion to vacate in a voluntary proceeding the bankruptcy adjudication of the Vanoscope Company made by this (District) Court on October 8, 1915, and to stay all proceedings therein.

The motion which resulted in this order was made by an attorney "for the petitioning creditor herein," without stating who such petitioning creditor was, and, while the record is supposed to bring up all the papers, we fail to find the affidavit and order to show cause made by the District Court on October 8, 1915, directed to the receiver in supplementary proceedings in Robinson v. Vanoscope Company, and requiring him to show cause why he should not be stayed from selling certain alleged assets of the Vanoscope Company.

We have, however, sufficient before us to determine the questions presented, and thus not to prolong this branch of the proceedings. There is some question as to whether the review of an order denying a motion to vacate an adjudication in bankruptcy should be by appeal or by petition to revise (Bankruptcy Act, §§ 24a, 24b, 25); but the weight of authority seems to support the proposition that the review is by petition to revise. Brady v. Bernard & Kittinger, 170 Fed. 576, 95 C. C. A. 656; B-R. Electric, etc., Co. v. Ætna Life Ins. Co., 206 Fed. 885, 124 C. C. A. 545.

[5] On April 16, 1915, one William J. Robinson recovered in the District Court for the Southern District of New York a judgment against Vanoscope Company, a Delaware corporation, for $190,017.98. Execution on this judgment was duly issued to and returned wholly unsatisfied by the United States marshal, and thereafter supplementary proceedings were instituted, and on June 21, 1915, a receiver, Augustin Derby, in such supplementary proceedings, was duly appointed. On July 14, 1915, Robinson also obtained a judgment of $100,646.08 against one Van Riper, who either controlled or was closely connected with Vanoscope Company. On September 9, 1915,

the District Court made an order directing a sale by the receiver of all of the assets of Vanoscope Company.

On September 14, 1915, one Peirce filed a petition in the District Court of Delaware to have Vanoscope adjudicated a bankrupt, and upon this petition the District Court of Delaware appointed ex parte a receiver of Vanoscope Company and issued the usual injunction. On September 17, 1915, a motion was made by Receiver Derby for instructions as to selling, in view of the restraining order of the District Court of Delaware, and on October 5, 1915, an order was made by the District Court here to proceed forthwith with the sale of the assets as had been directed by the order of September 9th. The sale took place on October 9, 1915.

On October 8, 1915, for the obvious purpose of heading off and preventing this sale, Vanoscope Company, alleging the necessary jurisdictional facts, filed a voluntary petition in bankruptcy in the Southern district of New York and on the same day an order with a meanwhile stay was issued to Receiver Derby to show cause why he should not be stayed from selling in accordance with the previous orders requiring him so to do. When this motion came on, it was denied on October 14, 1915, and the stay in the order to show cause was vacated.

Prior to this date, and on September 25, 1915, Inventions Corporation, which had become the assignee and owner of Robinson's judgment against Vanoscope Company, filed an answer to Peirce's petition in Delaware, alleging, among other things, that Peirce was not a bona fide creditor of Vanoscope Company and that it (Inventions Corporation) owned the only existing valid debt against Vanoscope Company. It further alleged that one Morhardt had begun a collusive suit against Vanoscope Company in Illinois for $1,000,000—which, as appears later, ripened into a judgment. On October 7, 1915, after the filing of this answer by Inventions Corporation, Peirce filed a new petition in Delaware in which he set forth that he had been induced by the attorney of the Vanoscope Company and of Van Riper to sign and verify his original petition for the express purpose of preventing Robinson from collecting his judgment against Vanoscope Company and also against Van Riper; that Vanoscope's attorney had told him that he would have the present attorney for the unnamed petitioner here (presumably one Lowery) represent him in the proceeding; that the $30 necessary clerk's fees were advanced to him by the Vanoscope Company's attorney and Van Riper; and that he did not realize that a fraud on Robinson was contemplated. Other details appear in Peirce's petition, but it is sufficient to point out that in substance and effect Peirce asserted that the Delaware proceeding was begun in the interest and at the request of the attorney for the Vanoscope Company and Van Riper for the purpose of defeating the efforts of Robinson's assignee to collect the large judgment which Robinson had obtained. Peirce asked for permission to withdraw his petition and for its dismissal.

It thus appears that Vanoscope Company not only filed its voluntary petition in the Southern district of New York, but was also the instigator of the involuntary proceeding in Delaware, and, as amply

appears, each step taken has been obviously an attempt to defeat the judgment creditor of Vanoscope Company, by the technique possible at times under the bankruptcy statute.

On October 13, 1915, the day before the sale by Receiver Derby was to take place as advertised, and five days after the adjudication of bankruptcy by the District Court of this district, one Lowery, claiming to be a general creditor of Vanoscope Company, filed a petition to intervene in the involuntary proceeding in Delaware which had been started by Peirce and that motion was granted. The Inventions Corporation filed a new or supplemental answer to the Delaware petition, alleging, among other things, that Lowery was not a bona fide creditor and that the proceedings brought by him were not brought in good faith.

Thereafter, on October 27, 1915, the attorney for the present petition moved (by order to show cause) that the adjudication in the voluntary proceeding in this distirct be vacated because of the pendency of the proceedings in involuntary bankruptcy in Delaware. That motion was denied by order dated November 5, 1915, and is now here on review.

General Order in Bankruptcy No. 6 of the Supreme Court (89 Fed. v, 32 C. C. A. v) provides in part as follows:

"In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile, and the petition may be amended by inserting an allegation of an act of bankruptcy committed at an earlier date than that first alleged, if such earlier act is charged in either of the other petitions; and in case of two or more petitions against the same partnership in different courts, each having jurisdiction over the case, the petition first filed shall be first heard, and may be amended by the insertion of an allegation of an earlier act of bankruptcy than that first alleged, if such earlier act is charged in either of the other petitions; *and, in either case, the proceedings upon the other petitions may be stayed until an adjudication is made upon the petition first heard; and the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed.*"

## Section 1 of the Bankruptcy Act provides:

"'A person against whom a petition has been filed' shall include a person who has filed a voluntary petition."

By virtue of the fact that the District Court for the Southern District of New York made the first adjudication of bankruptcy, it is apparent that it was its duty to retain jurisdiction over all proceedings so long as that adjudication remained in full force and effect. It undoubtedly had the power to vacate the adjudication in the voluntary proceeding for good cause satisfactorily shown and thereupon to stay all proceedings until the disposition of the involuntary proceeding in Delaware. So far as upon the papers and proceedings before it, the District Court decided that the order of adjudication in the voluntary proceeding should not be vacated because lacking good cause satisfactorily shown, we fail to find any error of law requiring revision. If it were contended that the order sought to be revised rested in the discretion of the court, it should not be disturbed for there was not only no abuse of discretion, but the order was precisely what the situation, as shown by the record, called for.

The order of adjudication in this district thus remaining in full force and effect, we think that the District Court here, having made the first adjudication of bankruptcy, is entitled as matter of law to retain jurisdiction. The petition, so far as it brings up the order of November 1, 1915, and the order in Robinson v. Vanoscope Company, is dismissed; and the order of November 5, 1915, denying a motion to set aside the sale, and the order of November 5, 1915, denying the motion to vacate the voluntary bankruptcy adjudication, are affirmed, with costs.