### In re WHITE.

### PENTZ v. WHITE.

**(Circuit Court of Appeals, Ninth Circuit.   February 4, 1918.)**

#### No. 2980.

1. BANKRUPTCY 413(½)—DISCHARGE OF BANKRUPT—OPPOSITION.
   Under Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, as amended by Act June 25, 1910, c. 412, 36 Stat. 838, a trustee can oppose the bankrupt's application for discharge only upon authority conferred upon him at a meeting of the creditors called for that purpose.

2. BANKRUPTCY 413(8)—DISCHARGE—OPPOSITION—WAIVER OF DEFECTS.
   The objection that the specifications and proceedings fail to show the trustee's authority to oppose the bankrupt's application for discharge was not waived because the bankrupt went to trial thereon.

3. BANKRUPTCY 440—PROCEEDINGS—REVIEW.
   An order denying a motion to set aside a discharge is one that can be reviewed on petition for revision, and therefore the question whether the court abused its discretion in denying the motion is not reviewable on an appeal from the order granting the discharge.

Appeal from the District Court of the United States for the First Division of the Northern District of California;   M. T. Dooling, Judge.

In the matter of the bankruptcy of H. S. White, doing business under the name of the H. S. White Machinery Company.   The bankrupt's application for discharge was granted, the order of the referee denying discharge being reversed, on the ground that William R. Pentz, as trustee in bankruptcy, had not been authorized by the creditors to oppose the discharge (238 Fed. 874), the trustee appeals.   Affirmed.

This is an appeal from the order of the District Court, reversing the order of the referee in bankruptcy, and directing the discharge of the bankrupt, on

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the ground that the trustee had not been duly authorized to oppose the bankrupt's petition for discharge. The record shows that upon the filing of the bankrupt's petition the referee gave notice of a hearing thereon at a time and place named, at which time and place all creditors of the bankrupt and all other parties in interest might show cause, if any they had, "why such application should not be granted." The notice was duly served upon the creditors, and the trustee applied for an order authorizing him to interpose objections to the discharge, and an order was given accordingly; the referee's report reciting: "At the time set for the hearing no creditor appeared in opposition to the making of the order authorizing the trustee to oppose discharge." There was no certificate or order of the referee reciting that at the meeting the requisite number of the creditors voted in favor of authorizing the trustee to oppose the discharge. The trustee filed his specifications of objections to the discharge. On June 26, 1915, the bankrupt filed his answer thereto; but therein he raised no objection to the authority of the trustee to oppose the discharge. On the hearing thereafter had, counsel for the bankrupt, according to the report of the referee, interposed certain objections to "the legality of the authorization given the trustee to take the opposition," which were overruled. The referee reported that the point taken by the counsel was that the notice to creditors did not contain the statement that "a meeting of creditors was called for that purpose." The referee's report, filed December 28, 1916, contains the testimony taken, and his conclusion that the charges against the bankrupt had been proven, and that his discharge should be denied.

The District Court upon the hearing on the report of the referee found that the trustee had not been duly authorized to oppose the discharge, and upon that ground the discharge was ordered. Immediately thereafter the trustee gave notice to the bankrupt of his application for an order vacating the order of discharge, and for a further order referring the matter to the referee for the purpose of finding the facts constituting the authority of the trustee to oppose the application for discharge, and supported the same by affidavits of counsel for the trustee in which they stated that at the time and place of the meeting held pursuant to the notice to creditors, there were present creditors representing a majority in amount of the allowed claims, and that the trustee's application to oppose discharge was heard and considered by the creditors, and that they all announced and declared themselves to be in favor of authorizing the trustee to oppose the discharge. These affidavits stated also that, at the time of the hearing before the referee, the only objection made by counsel for the bankrupt was that the notice to creditors was insufficient. The trustee's petition for a rehearing also stated that the bankrupt's attorney did not question that actual authority had been given, but that he contended only that the authority was a nullity because the meeting had not been duly called, and that counsel for the trustee at that time stated that, if in the referee's opinion there was any question as to the authority of the trustee to oppose the discharge, they desired the case to be certified back, so that they might ask leave to correct the same; that the matter was taken under advisement, and thereafter the referee, at the next meeting, ruled that the notice and specifications were sufficient.

The opposing affidavit of the attorney for the bankrupt stated that the objection which he made at the hearing was that "the records in this case show no such authority, and further that no such authority existed in fact," and that he submitted a brief, which he also served upon counsel for the trustee, presenting the point that not only was it not alleged in the specifications of objection, but also that the records in the case failed to show that the trustee had been authorized to oppose the bankrupt's discharge by the creditors, and that such authority did not in fact exist, and the affidavit further states that the affiant "verily believes that the proceeding herein was not authorized by the creditors, at a meeting called for that purpose, to oppose the discharge of the bankrupt."

The motion to set aside the discharge came on to be heard before the court. It was denied on the ground that ample opportunity had been afforded the trustee to make proof of his authority to oppose the discharge, and that

he had not been taken by surprise, since the bankrupt urged the insufficiency of the specifications and the lack of authority from the first.

Clarence A. Shuey and Winfield Dorn, both of San Francisco, Cal., for appellant.

Wilder Wight, of Oakland, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts·as above).   [1, 2] The appeal presents the question whether the court below erred in ordering the discharge of the bankrupt.   The record which came before the court failed to show that the trustee had ever been authorized to interpose objections to the discharge.   His specifications of objection recited no such authority, and no proof was offered to show that it had been given.   Under the amendment of 1910, the trustee could act only upon authority conferred upon him at a meeting of the creditors called for that purpose (In re Hockman [D. C.] 205 Fed. 330), and the objection that the specifications and the proceedings failed to show the trustee's authority was not waived by going to trial (In re Brown, 112 Fed. 49, 50 C. C. A. 118; In re Chandler, 138 Fed. 637, 71 C. C. A. 87; In re Servis [D. C.] 140 Fed. 222; In re Main [D. C.] 205 Fed. 421).

[3]  The appellant assigns error, however, to the refusal of the court below to allow his motion to set aside the discharge and refer the case back to the referee for a finding on the question whether the creditors actually gave the trustee authority to object to the discharge, and the whole of the appellant's brief is devoted to that assignment.   But that question is not before us.   The order denying the motion to set aside the discharge was one that could have been reviewed by this court upon petition for revision (Thompson v. Mauzy, 174 Fed. 611, 98 C. C. A. 457; In re Chandler, 138 Fed. 637, 71 C. C. A. 87; In re Louisville Nat. Banking Co., 158 Fed. 403, 85 C. C. A. 513; In re Hawk, 114 Fed. 916, 52 C. C. A. 536; In re Ives, 113 Fed. 911, 51 C. C. A. 541; In re Vanoscope Co., 233 Fed. 53, 147 C. C. A. 123), and the question whether the court below abused discretion in denying the motion is not involved in an appeal from the order granting the discharge.

The order is affirmed.