## In re VERBITSKY.

(District Court, E. D. Pennsylvania.  June 3, 1925.)

No. 7812.

1. Bankruptcy ⊚413(8)—Objection that specifications and pleadings failed to show trustee's authority held not waived.

Objection that specifications and pleadings failed to show trustee's authority to oppose bankrupt's application for discharge held not waived by bankrupt.

2. Bankruptcy ⊚413(½) — Referee's order authorizing trustee to file objections to bankrupt's discharge, held unauthorized.

Under Bankruptcy Act, § 14, as amended in 1910 (Comp. St. § 9598), where no creditor appeared at creditors' meeting called to author-

---

ize trustee to file objections to bankrupt's discharge, and trustee, who was also attorney for certain creditors, did not appear as such, nor vote their claims, held, that referee's order authorizing trustee to file objections was unauthorized, and all proceedings thereunder were void, and creditor's petition to be substituted, with authority to continue prosecution of objections, must be denied under General Order 32.

3. Bankruptcy ⊚413(½)—Trustee is not entitled to file objections to bankrupt's discharge, unless authorized to do so by affirmative vote of creditors.

Under Bankruptcy Act, § 14, as amended in 1910 (Comp. St. § 9598), trustee is not authorized to file objections to bankrupt's discharge, unless authorized to do so by affirmative vote of bankrupt's creditors, and it is not enough that no one appears in opposition to motion at creditors' meeting called for such purpose.

In Bankruptcy. In the matter of Herman Verbitsky, bankrupt. On exceptions' to specifications of objections to bankrupt's discharge and answer thereto, on certificate for review of order of referee revoking authority to trustee, and on petition of William Iselin to be substituted as trustee in objections to discharge. Petition for review dismissed, order affirmed, exceptions sustained, and petition of William Iselin dismissed.

Joseph Sternberger, of Philadelphia, Pa., for bankrupt.

J. Howard Reber, of Philadelphia, Pa., for trustee.

THOMPSON, District Judge. The bankrupt on January 29, 1923, filed his petition for discharge, upon which an order to show cause was entered, returnable March 12, 1923. On February 21, 1923, upon petition of Irwin L. Sessler, Esq., the trustee, the referee notified all creditors and the attorney for the bankrupt that a meeting of creditors would be held at his office on March 5, 1923, to consider and take action upon the petition of the trustee, asking for leave to file specifications of objection to the discharge of the bankrupt. In accordance with said notice the referee sat at his office on the date and at the hour specified in the notice. The only person present before the referee at the meeting was the trustee. He was also the attorney of record for certain creditors, whose claims, with powers of attorney, had been filed with the referee. The following extract is taken from the minutes of the referee:

"Present: Walter C. Douglas, Jr., referee; Irwin L. Sessler, Esq., for trustee.

"By the Referee: Meeting called to order.

"Mr. Sessler: Mr. Referee, the trustee desires to file specifications of objections to the bankrupt's discharge, pursuant to the petition heretofore filed with you, and pursuant to notices sent out by you on the same.

"Referee: Prayer of the petition is granted. Meeting adjourned."

A copy of the decree entered by the referee at said meeting is as follows:

"And now, to wit, this 5th day of March, 1923, on motion of Reber, Granger & Montgomery, Esquires, attorneys for Irwin L. Sessler, trustee of the bankrupt estate of Herman Verbitsky, and after a meeting called, of which 10 days' notice has been given to all creditors, and after a consideration of the same, the trustee is hereby authorized to file specifications of objections to the discharge of Herman Verbitsky."

The trustee accordingly filed specifications of objection to the discharge of the bankrupt, and thereafter the petition for discharge and specifications of objections were referred to and are still pending before Referee Douglas as special master.

During the proceedings before the referee following the general reference after adjudication, upon petition of the trustee, a rule was entered upon the bankrupt to show cause why he should not pay over approximately $35,000 in merchandise and cash, which it was claimed had been concealed by the bankrupt from the trustee. As a result of negotiations, the bankrupt finally offered to pay $7,000 in satisfaction and full settlement of any liability under the rule to pay over.

At a meeting of creditors held January 3, 1925, the compromise offer was unanimously accepted. The bankrupt, however, based his offer upon the withdrawal of opposition to his discharge, and when that question was put to the creditors a large majority in number and amount voted in favor of instructing the trustee to withdraw his opposition to discharge. The referee accordingly entered an order as follows:

"And now, to wit, this 25th day of February, A. D. 1925, it is ordered, adjudged, and decreed that Irwin L. Sessler, the trustee herein, shall not prosecute further the specifications of objection to the discharge of the bankrupt herein."

That order is before the court upon certificate for review.

On February 27, 1925, William E. Iselin et al., trading as William Iselin & Co., a creditor, filed a petition to be substituted in lieu of the trustee as a creditor objecting to the bankrupt's discharge, with authority to continue the prosecution of the specifications of objection filed by the trustee. On March 3, 1925, the bankrupt by his attorney filed exceptions to the specifications of objection filed by the trustee, upon the ground that the trustee, Irwin L. Sessler, had not been duly authorized to object to his discharge, as shown by the record of the meeting before the referee. If the bankrupt's exceptions to specifications of objection are sustained, it is apparent that all proceedings thereunder fall, and the petition for leave to have the specifications of objection prosecuted by a creditor substituting for the trustee also falls.

This court held, in the case of In re Hockman, 205 F. 330, as follows:

"The amendment of 1910 to section 14 contains the following proviso: 'That a trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do at a meeting of creditors called for that purpose.' Comp. St. § 9597.

"The object of the amendment is to confer upon those most vitally interested—that is, the creditors—power to authorize the trustee to interpose objections. Unless the trustee is so authorized, he is not permitted to intervene by objection. His authority to interpose objections is derived, not from the judge, or from the referee, but from the creditors.

"As the act has excluded from the referee the power to hear applications for discharge, the notice to creditors of the hearing and the fixing of the date should be upon the order of the judge, in accordance with Supreme Court form 57. The trustee, however, is not a party to the proceedings for discharge until he has been made so by the creditors at a meeting called for that purpose. When the authority is obtained, he becomes a party to the proceeding by filing his specifications of objections."

[1] The Hockman Case (205 F. 330) was cited with approval by the Circuit Court of Appeals for the Ninth Circuit (In re White, 248 F. 115, 160 C. C. A. 255), where it was also held that the objection that the specifications and the pleadings failed to show the trustee's authority was not waived by going to trial, citing In re Brown, 112 F. 49, 50 C. C. A. 118; In re Chandler, 138 F. 637, 71 C. C. A. 87; In re Servis (D. C.) 140 F. 222; In re Main (D. C.) 205 F. 421. It follows that there has been no waiver by the bankrupt in the case at bar.

[2, 3] The record of the proceedings before the referee in the present case show that no creditor was present at the meeting be-

fore the referee; that Mr. Sessler, as trustee, requested leave to prosecute objections to discharge; that, although Mr. Sessler was also attorney for certain creditors, he did not appear as such, nor vote their claims; that, in fact, no vote was taken. Those facts are sufficient, in my opinion, to establish want of authority in the referee to make the order authorizing the filing of specifications of objection. The effect of the amendment of 1910 to section 14 and of the cases cited above is to require an affirmative vote by creditors at the meeting called for that purpose. This is in accord with the general purpose of the Bankruptcy Act to place within the control of the creditors the disposition of questions affecting the bankrupt and his estate.

It is not enough that no one appears opposing the motion, and it does not follow that thereby leave is granted by default. The creditor's authority must be asserted upon affirmative action. That is the rule followed by this court in In re Rosenberg, Cause No. 8569 in Bankruptcy (memorandum, not for publication), where exceptions to specifications filed under authority granted by the referee under similar circumstances were sustained and the discharge granted.

As the trustee's opposition to the discharge was without authority under the Bankruptcy Law, the proceedings thereunder must be held null and void, and there is nothing left upon which a creditor can, at this late day, in view of General Order XXXII, find ground for either filing specifications of objection or being substituted for the trustee in specifications filed by him.

The petition for review of the referee's order is dismissed, the order affirmed, the bankrupt's exceptions to specifications of objection are sustained, and the petition of William Iselin is dismissed.