## In re FEDERAL GARAGE CO.

District Court, W. D. Missouri, W. D.   July 17, 1928.

No. 6499.

J. M. Fisher, of Kansas City, Mo., for bankrupt.

J. B. Nourse, of Nourse & Bell, of Kansas City, Mo., for petitioning creditors.

REEVES, District Judge. The bankrupt has filed his petition to review an order of the referee authorizing the trustee to interpose objections to bankrupt's discharge. The contention is made by the bankrupt that the creditors had not legally authorized such interposition.

A meeting of the creditors was duly called to pass on the question of authorizing the trustee to interpose objections to the discharge of the bankrupt. At this meeting seven creditors, with claims aggregating $27,440.10, voted to authorize opposition, and 12 creditors, with claims aggregating $17,432.97, voted against such authorization. It will be observed that a minority of the creditors in number voted for interposition by the trustee, but the minority in number had the majority in amount of claims.

It is insisted by the bankrupt that such authorization, to be valid, must be supported by a majority in number as well as in amount. Section 32, title 11 (11 USCA § 32), relating to the subject of discharges in bankruptcy, provides among other things that "a trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do at a meeting of creditors called for that purpose." This means that the trustee obtains his authority from the creditors, and not from the referee. In re White (C. C. A.) 248 F. 115. And such authority must be by an affirmative vote of creditors. In re Verbitsky (D. C.) 6 F.(2d) 320.

Section 92 of the same title (11 USCA § 92), relating to the subject of creditors' meetings, provides as follows: "Creditors shall pass upon matters submitted to them at their meetings by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present, except as otherwise provided in this title."

The court's attention has not been called to any exception to the general rule in the matter of voting on the question of authorizing the trustee to interpose objections to discharge, and no such provision has been found upon an examination of the authorities. It must be ruled, therefore, that the authorization was not validly made at the meeting of creditors, and the trustee, therefore, would be without power or authority to interpose objections to discharge.

Accordingly the order of the referee in that regard will be reversed.