### In re MILLER.

District Court, D. Minnesota, Fifth Division. April 9, 1930.

920

Courtney & Courtney, of Duluth, Minn., for trustee.

Jesse B. Calmenson and A. L. Ginsburg, both of St. Paul, Minn., for bankrupt.

SANBORN, District Judge.

It appears that specifications of objections were filed by the trustee to the discharge of the bankrupt. The referee finds that no meeting of the creditors was ever called on the application of any creditor for the purpose of obtaining authority for the trustee to interpose objections to the bankrupt's discharge, and that, at the time the specifications of objections were filed, the trustee had not been authorized to do so at any meeting called for that purpose. It appears that the trustee was not advised as to the pending application of the bankrupt for discharge until the time for the filing of objections had expired; that, as soon as the trustee was advised of the application, he obtained an order from this court extending the time for filing objections until May 28, 1929, which order, so far as here material, reads: "Ordered, that said petition be granted and that the time within which E. G. Robie, as such trustee, may appear and oppose the bankrupt's application for a discharge be and the same is hereby extended to and including this date, the 18th day of May, 1929, and that said trustee have ten days from this date within which to make and file written specifications of his objections to the bankrupt's discharge herein."

Thereupon the trustee applied to the referee for an order authorizing him to appear and oppose the bankrupt's application for a discharge. On May 20, 1929, the referee "ordered that the trustee be and hereby is authorized to appear and file written specifications of objections to the bankrupt's application for a discharge and that the trustee's authority for so doing and the question of whether or not the expense incurred thereby shall be paid as part of the expenses of the administration of the within bankrupt's estate in bankruptcy be determined by the creditors of the bankrupt at a meeting of said creditors to be held pursuant to notice given to said creditors by the referee herein."

The creditors were notified on May 21, 1929, that there would be a meeting held at the referee's office on the 31st day of May, 1929, to consider and pass upon the petition of the trustee asking for authority to file specifications of objections to the discharge of the bankrupt, "and for the approval of said filing of objections by said trustee." On May 25, 1929, the trustee filed specifications of objections, and thereafter on May 31, 1929, at an alleged meeting of creditors, his acts in so doing were attempted to be approved and ratified.

The referee was of the opinion that the exceptions taken by the bankrupt to the procedure just outlined should be sustained, unless the judge of the District Court has a right, under his power given by the statute "to investigate the merits of the application," to direct another and different procedure for the trustee to follow than that provided by the statute. He was of the opinion that the Court had the power so to do. He proceeded to take evidence, and his recommendation is that the discharge of the bankrupt be denied.

The Bankruptcy Act, as amended by Congress in 1926, with reference to the filing of objections to the discharge of a bankrupt by the trustee, provides: "That the trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do by the creditors at a meeting of creditors called for that purpose on the application of any creditor." 11 USCA § 32(b).

It seems clear, then, that the trustee cannot oppose the discharge of the bankrupt until he has been authorized so to do by the creditors, and that such authority must be granted him at a meeting of the creditors called for that express purpose upon the application of a creditor.

In Re Slatkin (D. C.) 286 F. 242, 245, it was said: "A trustee, therefore, derives whatever authority he has to oppose a discharge from the creditors, not from the referee, nor even from the court. In re Hock-

man (D. C.) 205 F. 330; In re White, 248 F. 115, 160 C. C. A. 255 (C. C. A. 9). Unless, then, the creditors of this bankrupt, at a meeting called for the purpose of considering the matter, have by a formal vote expressly authorized the trustee to oppose the discharge of the bankrupt, such trustee is without any such authority, and the specifications filed by him must, so far as he is concerned, be dismissed."

See also In re Hockman, supra; In re White, supra; In re Verbitsky (D. C.) 6 F. (2d) 320; In re Federal Garage Co. (D. C.) 30 F.(2d) 980; Collier on Bankruptcy (13th Ed.) vol. 1, p. 497.

The truth of the matter is that the trustee is a mere representative of the creditors. He is not a party to the proceedings and has no authority to object to the discharge of a bankrupt until he is provided with authority by the creditors in the manner authorized by the statute. It was obviously the intention of Congress to leave to the creditors the right to determine whether the trustee should or should not oppose the bankrupt's discharge as their representative.

It is claimed, however, by the trustee that the subsequent ratification by the creditors of the unauthorized act of the trustee in filing specifications was retroactive and validated whatever had been done on their behalf. I think this position cannot be sustained. The fact is that no specifications of objections were filed during the time when they might have been filed, by any person having any authority to file them. Therefore, on May 29th the application for a discharge by the bankrupt stood unopposed, and no action on the 31st by the creditors was of any force or effect.

Since there were no valid specifications of objections, the special master had nothing before him so far as the question of discharge was concerned.

It is suggested, however, that this court may, of its own motion, inquire into the right of the bankrupt to a discharge.

In Freshman v. Atkins, 269 U. S. 121, 46 S. Ct. 41, 70 L. Ed. 193, the bankruptcy court took judicial notice of the pendency of a former application for discharge, under a prior voluntary petition, and denied a discharge in a second proceeding in so far as creditors included in the former proceeding were concerned. It was urged that the objection could not be raised by the court, but only by an interested party. The court said (at page 123 of 269 U. S., 46 S. Ct. 41, 42): "That such is the rule where the action of the court is based upon one or more of the acts of the bankrupt which operate to preclude a discharge may be conceded. But the objection that the issue is already pending, as that it has been adjudged, goes to the right of the bankrupt to maintain the later application, not to the question of the evidence or grounds upon which the relief may be granted if the application be maintainable. The refusal to discharge was not on the merits, but upon the procedural ground that the matter could not properly be considered or adjudged, except upon the prior application."

Therefore, where it is claimed that upon the merits a bankrupt is not entitled to a discharge, some interested party must object and properly plead and prove some grounds for denying the discharge, before the court can act.

The case of Rash v. Metzger (C. C. A.) 31 F.(2d) 424, cited by the special master, is not to the contrary. In that case the court, upon an application promptly made, set aside a discharge on the grounds of insufficient notice to the creditors. It is not claimed in this proceeding that all interested parties were not given the notice required by the statute.

The turnover order made by the referee is based upon evidence which is controverted by the bankrupt. The credibility of the witnesses and the weight of the evidence was for the referee, who did not believe the testimony of the bankrupt and did believe the evidence which justified his order.

The exceptions to the special master's report with reference to a discharge must be sustained, and the bankrupt granted his discharge. The order of the referee requiring the bankrupt to turn over to the trustee certain moneys is confirmed.